After having been indicted for two counts of first-degree robbery, Doncey Frank Boykin pleaded guilty to two counts of second-degree robbery on June 22, 1987. The trial court sentenced him to two concurrent sentences of 15 years in prison. Boykin did not appeal.
On February 22, 2002, Boykin filed a Rule 32, Ala.R.Crim.P., petition. After the State had responded, the circuit court summarily denied the petition. This appeal followed.
We do not address Boykin's claims in his petition or on appeal. Rather, we notice, ex mero motu, a problem involving the jurisdiction of the trial court to accept one of Boykin's guilty pleas. See Ex parteCole, 842 So.2d 605, 609 (Ala. 2002) ("When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea.").
Boykin has attached to his petition what he alleges are copies of the indictments in these cases. The indictment in question reads as follows:
 "[Boykin] did, in the course of committing a theft of Ninety-Five Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the property of Carolyn Snodgrass, threaten the imminent use of force against the person of Carolyn Snodgrass, with the intent to compel acquiescence to the taking of or escaping with the property, while [Boykin] was armed with a deadly weapon or dangerous instrument, to wit: a pistol, in violation of Section 13A-8-41 of the Alabama Criminal Code."
(C. 34.)[1]
 "If at these guilty-plea proceedings, the indictment was `amended,' the State was required to comply with Rules 13.5(a) and 13.2(c)[, Ala.R.Crim.P.,] and to confine its `amendment' to lesser offenses necessarily included within the offense of first-degree robbery. In this respect, a defendant charged with first-degree robbery by an indictment that *Page 1033 
describes the defendant's conduct as occurring in the presence of another aiding him could plead guilty to second-degree robbery as a lesser-included offense, because robbery in the second degree requires the use of force or the threatened use of force while the defendant is `aided by another person actually present.' § 13A-8-42, Ala. Code 1975. . . ."
". . . .
 "When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
Cole, 842 So.2d at 608-09.
As in Cole, one of the first-degree robbery indictments in this case apparently "fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery. . . ." Id.
We cannot determine from the copy of the indictment attached to Boykin's petition or from the record before us whether the indictment in question is the actual indictment from this case. We also cannot determine whether the indictment was amended with Boykin's consent. Therefore, we remand this cause to the circuit court in order for it to take evidence, if necessary, to determine whether Boykin's plea to second-degree robbery as charged in the indictment quoted above is valid.
If the circuit court finds that the indictment returned against Boykin did not contain facts sufficient to allege second-degree robbery, the plea is not valid, and it shall vacate the plea. However, Boykin's original indictment for first-degree robbery remains valid. Cole, supra. The State may try Boykin on this charge or may reindict Boykin for the proper offense. See Cole, 842 So.2d at 609 ("A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.").
Due return shall be made within 56 days of the release of this decision.
We pretermit discussion of Boykin's other claims until return to remand.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Shaw and Wise, JJ., concur. Baschab, J., concurs in the result.
[1] The other indictment is similar, but includes the fact that Boykin "aid[ed] and abet[ted] another person whose name is to the grand jury otherwise unknown." (C. 33.) Therefore, that indictment is valid and is not addressed in this opinion.
* Note from the reporter of decisions: On January 24, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1034