McMILLAN, Presiding Judge.
On August 6, 1990, James Kenneth Goetzman pleaded guilty to robbery in the second degree. This court affirmed the judgment in an unpublished memorandum. Goetzman v. State (No. CR-90-107), 586 So.2d 301 (Ala.Crim.App.1991) (table). On December 14, 2001, Goetzman filed a Rule 32, Ala. R.Crim. P., petition, contending, in pertinent part, that the indictment charging him with robbery was void because, although it contained facts to support a conviction for first-degree robbery, it did not contain facts to support a conviction for second-degree robbery. We remanded the case for the circuit court to determine whether Goetzman had consented to amend the indictment to include facts broad enough to encompass both first-degree robbery and second-degree robbery. Goetzman v. State, 844 So.2d 1289 (Ala.Crim.App.2002). On return to remand, we affirmed the circuit court’s dismissal of the petition. On December 7, 2004, Goetzman filed a second Rule 32 petition, reasserting the same void-indictment claim set out in the first petition. The circuit court granted the State’s motion to dismiss the petition as precluded and without merit, and Goetzman appealed.
Goetzman contends that this court’s decision in Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003), entitles him to relief. In Toliver, this court discussed our attempts, on several occasions, to follow the Alabama Supreme Court’s opinion in Ex parte Cole, 842 So.2d 605 (Ala.2002). In Cole, the Supreme Court held that the circuit court lacked jurisdiction to accept a plea of guilty to second-degree robbery based on an indictment charging first-degree robbery that did not include the fact that the defendant was aided in the robbery by another person. We noted that in Boykin v. State, 853 So.2d 1031 (Ala.Crim.App.2002), and Copeland v. State, 841 So.2d 302 (Ala.Crim.App.2002), the circuit court vacated the defendants’ convictions on remand; and in Pritchett v. State, 870 So.2d 757 (Ala.Crim.App.2003), we reversed the judgment of the circuit court upholding the defendant’s conviction on remand. We then stated as follows with regard to our affirmance in Goetzman:
“In Goetzman, the circuit court also upheld Goetzman’s second-degree-robbery conviction, finding that Goetzman had expressly consented to the first-degree-robbery indictment’s being amended to charge second-degree' robbery and that this express consent distinguished the case from Ex parte Cole. However, on return to remand, this Court affirmed the circuit court’s order. We now believe that that affirmance was in error because, as noted above, amending a first-degree-robbery charge that does not include the fact that the defendant was aided in the robbery by another person to charge second-degree robbery is improper. We have examined *573 the record in Goetzman as well as the record in Ex parte Cole; we can find no material difference between the two. In Goetzman, as the circuit court noted in its order on remand, the case action summary indicated that the parties had expressly agreed to amend the first-degree-robbery indictment (which did not include the fact that Goetzman was aided in the robbery by another person) to charge second-degree robbery. However, in Ex parte Cole, the case action summary also indicated that the parties had expressly agreed to amend the first-degree-robbery indictment (which did not include the fact that the defendant was aided in the robbery by another person) to charge second-degree robbery. Therefore, our unpublished memorandum affirming the circuit court’s order in Goetzman was erroneous.”
Toliver, 881 So.2d at 1076 (footnotes omitted).
Because Goetzman’s claim of lack of jurisdiction was valid, the circuit court erred in summarily dismissing his petition. However, we note that here, as in Toliver and Cole, Goetzman’s original indictment for first-degree robbery remains valid. The State therefore may try Goetzman on this charge or may reindict him for the proper offense. “A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.” Cole, 842 So.2d at 609.
For the foregoing reasons, we reverse the circuit court’s summary dismissal of Goetzman’s petition and remand this case for the circuit court to vacate Goetzman’s conviction for robbery in the second degree.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.