The appellant, Stanley Clay Murray, alleges that he was indicted for first-degree burglary and first-degree receiving stolen property. On June 25, 1996, pursuant to a negotiated agreement, he pled guilty to second-degree receiving stolen property, and the trial court sentenced him to serve a term of two years in prison. He did not appeal his conviction. On February 9, 2001, he filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the indictment against him was improperly amended. The case action summary sheet entry for June 25, 1996, states:
 "In the above-styled matter, the defendant came before the court with his attorney, the Honorable Jonanna Owings. The Honorable James H. Fry represented the State. The State moved to amend Count One of the indictment to Receiving Stolen Property, 2nd, and the defendant concurred. The Court being informed of the defendant's intention to plead guilty to Receiving Stolen Property, 2nd, and the Court being informed of the basis for the guilty plea, the Court conducted colloquy with the defendant. The defendant having stipulated to the facts contained in the indictment, the Court makes the finding that the defendant makes a knowing, voluntary, and intelligent plea to the charge and upon defendant's plea of guilty to Receiving Stolen Property, 2nd, it is ORDERED, ADJUDGED AND DECREED BY THE COURT that defendant is guilty of Receiving Stolen Property, 2nd. Defendant is sentenced to 2 years in the State Penitentiary. Further Ordered probation hearing is set for August 22, 1996 at 9:00 A.M. Further Ordered that Count Two of the indictment is dismissed."
(C.R. 14.) The appellant alleges that Count One of the indictment charged him with first-degree burglary and that Count Two of the indictment charged him with first-degree receiving stolen property. Citing Green v. State, 619 So.2d 952 (Ala.Crim.App. 1993), he argues that second-degree receiving stolen property is not a lesser included offense of first-degree burglary. In Green, we stated: *Page 1008 
 "Johnny Kenneth Green was indicted for the offense of burglary in the first degree. With the appellant's consent, the indictment was amended to charge the offense of receiving stolen property in the second degree. The appellant pleaded guilty to this offense.
 "The State has filed a motion to remand this cause to the trial court, arguing that an indictment cannot be amended to charge an offense that is not a lesser included offense of the crime charged in the indictment. The State's motion is well taken. The offense of receiving stolen property is not a lesser included offense of burglary. Crews v. State, 40 Ala. App. 306, 112 So.2d 805 (1959). The indictment, therefore, was improperly amended. See Rule 13.5(a), A. R. Crim. P. The appellant could not consent to an improper amendment. Ross v. State, 529 So.2d 1074 (Ala.Crim.App. 1988). The conviction for receiving stolen property must be set aside."
619 So.2d at 952-53. Based on Green, the appellant contends that Count One of the indictment was improperly amended to charge him with second-degree receiving stolen property.
The appellant has made allegations that, if true, entitle him to postconviction relief. See Green, supra. Therefore, we remand this case to the circuit court with instructions that that court determine what offenses Counts One and Two of the indictment charged. On remand, if necessary, the circuit court may conduct an evidentiary hearing on the petition. Thereafter, the circuit court shall make specific, written findings regarding the appellant's allegations. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court's written findings and a transcript of the proceedings, if any, conducted by the circuit court.
REMANDED WITH INSTRUCTIONS.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.