841 So.2d 302 (2002)
Robert COPELAND
v.
STATE of Alabama.
CR-01-0660.
Court of Criminal Appeals of Alabama.
April 26, 2002.
Robert Copeland, pro se.
Bill Pryor, atty. gen., and G. Ward Beeson III, asst. atty. gen., for appellee.
*303 BASCHAB, Judge.
The appellant, Robert Copeland, was indicted for first-degree robbery. On November 11, 1983, he pled guilty to second-degree robbery. On November 14, 1983, the trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(c)(2), Ala.Code 1975. He did not appeal his conviction. On August 15, 2001, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied his petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because he allegedly pled guilty to an offense for which he had not been indicted. Specifically, he contends that second-degree robbery is not a lesser included offense of first-degree robbery and that the indictment against him did not allege that he was "aided by another person actually present." (Appellant's brief at p. 13.) In Cole v. State, 842 So.2d 605, 609 (Ala.2002), the Alabama Supreme Court held:
"When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participantan essential element of the offense of second-degree robberythe insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, [814 So.2d 1006 (Ala.Crim.App. 2001)]; Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001)]; Green v. State, [619 So.2d 952 (Ala.Crim.App. 1993)]; Ross v. State, [529 So.2d 1074 (Ala.Crim.App.1988) ]."
The indictment against the appellant did not allege sufficient facts from which it could be concluded that another person aided him in the robbery. Additionally, we cannot determine from the record before us whether the appellant consented to amend the indictment against him to add the allegation that another person aided him in the robbery. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the trial court obtained the appellant's consent to amend the indictment against him to add the allegation that another person aided him in the robbery. On remand, the circuit court may require the State to respond specifically to the appellant's claim that he was convicted of an offense for which he was not indicted and/or may conduct an evidentiary hearing on that claim. If the circuit court determines that the appellant did not consent to the amendment of the indictment against him to add the allegation that another person aided him in the robbery, then the circuit court shall vacate the appellant's second-degree robbery conviction. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court *304 at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.[*]
McMILLAN, P.J., and COBB and SHAW, JJ., concur; WISE, J., concurs specially, with opinion.
WISE, Judge, concurring specially.
I reluctantly concur with the main opinion's remand of this case to the circuit court for further proceedings based on the Alabama Supreme Court's holding in Ex parte Cole, 842 So.2d 605 (Ala.2002).
I recognize that this Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and "is without authority to overrule the decisions of that court." Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice but to remand this case for further proceedings to determine whether the appellant consented to "amending" his indictment, regardless of the fact that the record clearly indicates that the appellant was "aided by another person actually present" at the time the robbery was committed.
NOTES
[*] Note from the reporter of decisions: On June 21, 2002, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. On July 12, 2002, that court denied rehearing, without opinion.