On August 6, 1990, pursuant to a negotiated plea agreement, James Kenneth Goetzman pleaded guilty to second-degree robbery. The trial court sentenced him to 19 years in prison. On appeal, this Court affirmed Goetzman's sentence and conviction in an unpublished memorandum. Goetzmanv. State, (No. CR-90-107) 586 So.2d 301 (Ala.Crim.App. 1991) (table). We issued the certificate of judgment on December 4, 1991.
On December 14, 2001, Goetzman filed a Rule 32, Ala.R.Crim.P., petition. After the State had moved to dismiss the petition, the circuit court summarily dismissed it. This appeal followed.
In his petition, Goetzman claimed 1) that the indictment was void because it did not contain a detailed description of the property that was allegedly taken, or the date, time, or physical location of the theft of property; 2) that the indictment was void because, although it included facts to support a conviction for first-degree robbery, it did not include facts to support a conviction for second-degree robbery; 3) that the indictment was void because he did not, in fact, steal money from the victim listed in the indictment; and 4) that his sentence for 19 years is more than the 15-year sentence he agreed to in his plea agreement.
On appeal, Goetzman reiterates his claims and contends that the circuit court should not have dismissed the petition without first holding an evidentiary hearing.
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. SeeRoberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed v. State,748 So.2d 231, 233 (Ala.Crim.App. 1999).
Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only
 "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b), Ala.R.Crim.P.], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings. . . ." *Page 1291 
Claims 1, 3, and 4, although couched in jurisdictional terms, are not jurisdictional and, therefore, are precluded by the two-year period of limitations in Rule 32.2(c), Ala.R.Crim.P.
However, Goetzman's second claim regarding the trial court's jurisdiction to accept his guilty plea to second-degree robbery when the indictment contained no facts to support such a conviction implicates the jurisdiction of the trial court. See Ex parte Cole, [Ms. 1010079, March 15, 2002] 842 So.2d 605 (Ala. 2002) ("When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea."). Therefore, it cannot be precluded.
Moreover, the claim appears to have merit. Goetzman included a copy of the indictment filed against him as an attachment to his petition and in the record on appeal:
 "JAMES KENNETH GOETZMAN, whose name is to the grand jury otherwise unknown, did, in the course of committing a theft of Seven Thousand Thirty Four Dollars of the lawful currency of the United States of American, a more particular description and denomination of which is to the grand jury otherwise unknown, the property of Brandi Jackson, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said JAMES KENNETH GOETZMAN, was armed with a deadly weapon or dangerous instrument, to-wit: a pistol in violation of Section 13A-8-41 of the Alabama Code, against the peace and dignity of the State of Alabama."
(C.R. 38.) Because the State does not dispute Goetzman's assertion that his indictment reads as stated, and because nothing in the record indicates otherwise, we accept his assertion true. Bates v. State,620 So.2d 745, 746 (Ala.Crim.App. 1992) ("'When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'" (quoting Smith v. State, 581 So.2d 1283, 1284
(Ala.Crim.App. 1991))).
 "If at these guilty-plea proceedings, the indictment was `amended,' the State was required to comply with Rules 13.5(a) and 13.2(c)[, Ala.R.Crim.P.] and to confine its `amendment' to lesser offenses necessarily included within the offense of first-degree robbery. In this respect, a defendant charged with first-degree robbery by an indictment that describes the defendant's conduct as occurring in the presence of another aiding him could plead guilty to second-degree robbery as a lesser-included offense, because robbery in the second degree requires the use of force or the threatened use of force while the defendant is `aided by another person actually present.' § 13A-8-42, Ala. Code 1975. . . ."
". . . .
 "When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court *Page 1292 
obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
Cole, 842 So.2d at 608-09.
Nothing in the record before us indicates, and the State does not assert, that the trial court obtained Goetzman's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present.
We therefore remand this cause to the circuit court in order for it to determine whether the trial court obtained Goetzman's consent to amend the indictment. The indictment would not have been amended simply by virtue of the facts pleaded guilty to by Goetzman. If, as in Cole, Goetzman did not consent to the amendment of the indictment to include facts broad enough to encompass both first-and second-degree robbery, the first-degree robbery indictment in this case would "fail to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery. . . ." Id. If the circuit court determines that the indictment was not amended with Goetzman's consent, then it shall vacate Goetzman's guilty plea for second-degree robbery.
However, Goetzman's original indictment for first-degree robbery would remain valid. Cole, supra. The State may try Goetzman on this charge or may reindict Goetzman for the proper offense. "A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy." Cole, 842 So.2d at 609.
Therefore, we remand this cause for the circuit court to proceed in a manner consistent with this opinion. The circuit court shall make specific findings of fact, and due return shall be made to this Court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Shaw and Wise, JJ., concur. Baschab, J., concurs in the result.
* Note from the reporter of decisions: On September 20, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
 *Page 116