BASCHAB, Judge.
The appellant, Michael Anthony Collins, alleges that he was indicted for murder and first-degree robbery. He further alleges that, on April 6, 1983, he pled guilty to manslaughter and second-degree robbery, and the trial court sentenced him to serve concurrent terms of ten years in prison on each conviction. He did not appeal his convictions. On November 14, 2002, the appellant filed a Rule 32 petition, challenging his convictions. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his second-degree robbery case because he allegedly pled guilty to an offense for which he had not been indicted. Specifically, he contends that the first-degree robbery indictment against him did not “set forth facts from which one might concludeQ that [he] was aided in the robbery by another participant” and that the trial court did not obtain his consent to amend the indictment to add the allegation that another person aided him in the robbery. (Appellant’s brief at p. 3.) In Ex parte Cole, 842 So.2d 605, 609 (Ala.2002), the Alabama Supreme Court held:
“When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual *861 basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole’s consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, 814 So.2d 1006 (Ala.Crim.App. 2001); Wingard v. State, 821 So.2d 240 (Ala.Crim.App.2001); Green v. State, [619 So.2d 952 (Ala.Crim.App.1993)]; Ross v. State, [529 So.2d 1074 (Ala.Crim. App.1988)].”
In this ease, the indictment against the appellant did not allege sufficient facts from which it could be concluded that another person aided him in the robbery. The indictment alleged that the appellant
“did, in the course of committing a theft of one One Hundred Dollar Bill of the lawful currency of the United States of America of the value of One Hundred Dollars, one mans [sic] diamond ring of the value of One Thousand Two Hundred Ninety-Five Dollars, and one ladies [sic] diamond ring of the value of One Thousand Ninety-Five Dollars, the property of Henry Dotson threaten the imminent use of force against the person of Henry Dotson with the intent to compel acquiescence to the taking of or escaping with the property, while the said [appellant] was armed with a deadly weapon or dangerous instrument, to-wit: pistol in violation of Section 13A-8-41 of the Alabama Criminal Code.... ”
(C.R.31.) Also, we cannot determine from the record before us whether the appellant consented to amend the indictment against him to add the allegation that another person aided him in the robbery. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the trial court obtained the appellant’s consent to amend the indictment against him to add the allegation that another person aided him in the robbery. On remand, the circuit court may require the State to respond specifically to the appellant’s claim that he was convicted of an offense for which he was not indicted and/or may conduct an evidentiary hearing on that claim. If the circuit court determines that the appellant did not consent to the amendment of the indictment against him to add the allegation that another person aided him in the robbery, then the circuit court shall vacate the appellant’s second-degree robbery conviction. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS. *862 *
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On August 15, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.