On September 29, 1985, after having been indicted for two counts of first-degree robbery, Robert Leonard Pritchett pleaded guilty to two counts of second-degree robbery. The trial court sentenced him to life in prison on one count and to 20 years in prison on the other. Pritchett apparently did not appeal his convictions and sentences, but has filed several postconviction motions.
On January 2, 2002, Pritchett filed a Rule 32, Ala.R.Crim.P., petition. On April 30, 2002, Pritchett moved to amend his petition; the circuit court granted the motion. After the State had responded to the amended petition, the circuit court summarily denied the petition on August 28, 2002. This appeal followed.
Pritchett's main contention in his petition and on appeal concerns the trial court's jurisdiction to accept his guilty pleas in the two cases in question. Specifically, he claims that the indictments against him failed to set forth facts sufficient to charge that he was aided in the robbery by another participant — an essential element of second-degree robbery. Because we agree, we remand this cause to the circuit court for further proceedings.
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).
In his amended petition, Pritchett stated what he alleged was the text of the two indictments in these cases. According to Pritchett, the indictments read as follows:
 "[Pritchett] did, in the course of committing a theft of Four Hundred Sixty-Three Dollars and Twenty-Two Cents of the lawful currency of the United States of America, a more particular description *Page 759 
and denomination of which is to the grand jury otherwise unknown, the property of Paul Shrove, use force against the person of Paul Shrove, or against the person of another present, with intent to overcome his physical resistance or physical power of resistance, while the said [Pritchett] was armed with a deadly weapon or dangerous instrument, to wit: a shotgun, in violation of Section 13A-8-41 of the Alabama Criminal Code."
 "[Pritchett] did, in the course of committing a theft of Four Hundred Sixty-Three Dollars and Twenty-Two Cents of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the property of Paul Shrove, use force against the person of Paul Shrove, or against the person of another present, with intent to overcome his physical resistance or physical power of resistance, while the said [Pritchett] was armed with a deadly weapon or dangerous instrument, to wit: a shotgun, in violation of Section 13A-8-41 of the Alabama Criminal Code."
(C. 102-03.)
Neither the State nor the circuit court takes issue with Pritchett's rendition of the indictments against him, although, apparently, he has inadvertently used the text of one as the text of both. However, we must accept his assertions as true. See Bates v. State, 620 So.2d 745, 746
(Ala.Crim.App. 1992) ("`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'") (quoting Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App. 1991)). Seealso Goetzman v. State, 844 So.2d 1289 (Ala.Crim.App. 2002).
 "If at these guilty-plea proceedings, the indictment was `amended,' the State was required to comply with Rules 13.5(a) and 13.2(c)[, Ala.R.Crim.P.,] and to confine its `amendment' to lesser offenses necessarily included within the offense of first-degree robbery. In this respect, a defendant charged with first-degree robbery by an indictment that describes the defendant's conduct as occurring in the presence of another aiding him could plead guilty to second-degree robbery as a lesser-included offense, because robbery in the second degree requires the use of force or the threatened use of force while the defendant is `aided by another person actually present.' § 13A-8-42, Ala. Code 1975. . . ."
 ". . .When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one *Page 760 
cannot consent to an improper amendment to an indictment."
Ex parte Cole, 842 So.2d 605, 608-09 (Ala. 2002). See also Boykin v.State, 853 So.2d 1031 (Ala.Crim.App. 2002); Goetzman v. State,844 So.2d 1289 (Ala.Crim.App. 2002); and Byrd v. State, 763 So.2d 987
(Ala.Crim.App. 2000).
As in Cole, both of the first-degree robbery indictments in this case apparently "fail to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery . . . ." Cole, 842 So.2d at 609.
Therefore, we remand this cause to the circuit court in order for it to take evidence, if necessary, and to examine the indictments against Pritchett and determine whether Pritchett's pleas to second-degree robbery involving the indictments quoted above are valid.
If the circuit court finds that the indictments returned against Pritchett did not indeed contain facts sufficient to allege second-degree robbery, the pleas are not valid, and it shall vacate the pleas. However, Pritchett's original indictments for first-degree robbery remain valid. Cole, supra. The State may try Pritchett on these charges or may reindict Pritchett for the proper offenses. See Cole, 842 So.2d at 609 ("A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.").
Due return shall be made within 56 days of the release of this decision. We request that, along with the written order on return to remand, the circuit court attach copies of the two indictments in question.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., concurs in the result.
 On Return to Remand
On January 31, 2003, this Court remanded this cause for the circuit court to take evidence, if necessary, and to examine the indictments against Robert Leonard Pritchett and determine whether Pritchett's 1984 guilty pleas to second-degree robbery were valid. As far as this Court could tell, Pritchett had been indicted for two counts of first-degree robbery, but the indictments did not contain sufficient factual allegations to support his two guilty pleas to second-degree robbery. That is, according to Pritchett and the record before us, the indictments did not allege that he was "aided by another person actually present." §13A-8-42(a), Ala. Code 1975. Therefore, he argued, he had pleaded guilty to charges not included in the indictments.
On return to remand, the circuit court has attached copies of the two indictments. The two indictments read as follows:
 "[Pritchett] did, in the course of committing a theft of Four Hundred Sixty-Three Dollars and Twenty-Two Cents of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the property of Paul Shrove, use force against the person of Paul Shrove, or against the person of another present, with intent to overcome his physical resistance or physical power of resistance, while the said [Pritchett] was armed with a deadly weapon or dangerous instrument, to wit: a shotgun, in violation of Section 13A-8-41 of the Alabama Criminal Code." *Page 761 
 "[Pritchett] did, in the course of committing a theft of Four Hundred Fifty-One Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the property of Robert Woods, threaten the imminent use of force against the person of Robert Woods, with the intent to compel acquiescence to the taking of or escaping with the property, while the said [Pritchett] was armed with a deadly weapon or dangerous instrument, to wit: a sawed-off shotgun, in violation of Section 13A-8-41
of the Alabama Criminal Code."
Thus, the indictments do not contain any factual allegations that Pritchett was aided in the commission of the robbery by another person actually present. The circuit court has also attached copies of grand jury testimony indicating that Pritchett was aided during the robbery by another person actually present, an affidavit from the district attorney attesting to the fact that the copies of the grand jury testimony are true and accurate copies, and a copy of the guilty plea agreement. The circuit court found, in pertinent part:
 "[A]lthough the State did not formally amend the . . . indictments prior to the entry of the said guilty pleas, Petitioner, essentially, consented to amend the said indictments when he entered his plea of guilty to Robbery in the Second Degree. Furthermore, at the time Petitioner entered his plea of guilty, the State would have made a statement of facts mirroring the information contained in EXHIBITS `B-1' through `B-5' [the grand jury testimony].
 "In consideration of the foregoing the undersigned finds that facts exist, before the Court, sufficient to support Petitioner's pleas of guilty to Second Degree Robbery. The Court further finds that the Order [denying the Rule 32 petition], issued by the undersigned on August 28, 2002, is not due to be vacated, and should remain in full force and effect."
(Order on return to remand.)
While we sympathize with the circuit court and its reluctance to vacate convictions nearly 20 years old when the defendant clearly knew of the charges against him and pleaded guilty in his best interest to a lesser charge, it, and we, cannot circumvent clear Alabama Supreme Court precedent. As we pointed out in our original opinion, the Alabama Supreme Court decided this issue in Ex parte Cole, 842 So.2d 605 (Ala.Crim.App. 2002):
 "If at these guilty-plea proceedings, the indictment was `amended,' the State was required to comply with Rules 13.5(a) and 13.2(c) and to confine its `amendment' to lesser offenses necessarily included within the offense of first-degree robbery. In this respect, a defendant charged with first-degree robbery by an indictment that describes the defendant's conduct as occurring in the presence of another aiding him could plead guilty to second-degree robbery as a lesser-included offense, because robbery in the second degree requires the use of force or the threatened use of force while the defendant is `aided by another person actually present.' § 13A-8-42, Ala. Code 1975. . . ."
". . . .
 "When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to *Page 762 
accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here.
To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
842 So.2d at 608-09 (emphasis added). See also Boykin v. State,853 So.2d 1031 (Ala.Crim.App. 2002); Goetzman v. State, 844 So.2d 1289
(Ala.Crim.App. 2002); and Byrd v. State, 763 So.2d 987 (Ala.Crim.App. 2000).
As in Cole, both of the first-degree robbery indictments in this case "fail to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery . . . ." Cole, 842 So.2d at 609.
Therefore, we remand this cause for the circuit court to vacate its order of August 28, 2002, and grant the petitioner relief. The pleas are not valid, and it shall vacate the pleas. However, Pritchett's original indictments for first-degree robbery remain valid. Cole, supra. The State may try Pritchett on these charges or may reindict Pritchett for the proper offenses. See Cole, 842 So.2d at 609 ("A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.").
REVERSED AND RENDERED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.