881 So.2d 1070 (2003)
Eddie TOLIVER, Jr.
v.
STATE of Alabama.
CR-02-0665.
Court of Criminal Appeals of Alabama.
June 27, 2003.
Certiorari Denied November 21, 2003.
*1071 Eddie Toliver, Jr., pro se.
William H. Pryor, Jr., atty. gen., and Jean A. Therkelsen, asst. atty. gen., for appellee.
Alabama Supreme Court 1021697.

On Application for Rehearing
PER CURIAM.
The opinion of April 25, 2003, is withdrawn and the following opinion is substituted therefor.
Eddie Toliver, Jr., appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his February 2000 guilty-plea conviction for robbery in the second degree and his resulting sentence, as a habitual offender, of life imprisonment.
Toliver was indicted for one count of burglary in the first degree, one count of robbery in the first degree, and one count of theft of property in the second degree. Pursuant to a plea agreement with the State, Toliver agreed to plead guilty to robbery in the second degree in exchange for the burglary and theft charges being nol-prossed. He did not appeal his conviction. However, on July 18, 2002, he filed the present Rule 32 petition. In his petition, Toliver alleged that the trial court lacked jurisdiction to accept his plea to second-degree robbery because, he said, the indictment charging him with robbery in the first degree did not include an essential element of robbery in the second degree  that he was aided in the robbery by another person  and, thus, the indictment did not encompass the offense of robbery in the second degree. After receiving a response from the State, the circuit court summarily denied the petition on December 3, 2002.
On appeal, Toliver asserts the same claim he presented in his petition.[1] The State argues that this claim is not jurisdictional and that it is time-barred by Rule 32.2(c), Ala.R.Crim.P., because Toliver's petition was filed approximately five months after the two-year limitations period had expired.[2] However, it is well settled that "a trial court is without authority to accept a plea of guilty to an offense not encompassed by the charge in the indictment." Edwards v. State, 671 So.2d 129, 130 (Ala.Crim.App.1995). "When the trial court accepts a guilty plea under such circumstances, the court's judgment is *1072 void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing." Id. Contrary to the State's contention, Toliver's claim is clearly jurisdictional in nature and, thus, is not subject to the procedural bars in Rule 32.2.
In Ex parte Cole, 842 So.2d 605 (Ala.2002), the Alabama Supreme Court was faced with a situation identical to the one presented here. Cole had been indicted for first-degree robbery; he pleaded guilty to second-degree robbery. On appeal, Cole argued that the trial court did not have jurisdiction to accept his plea to second-degree robbery because, he said, second-degree robbery was not a lesser-included offense of first-degree robbery as charged in his indictment. Specifically, Cole maintained that second-degree robbery required proof of an element not required for first-degree robbery  that the defendant was aided in the commission of the robbery by another person  and that his indictment for first-degree robbery had been improperly amended to charge second-degree robbery. In holding that Cole's first-degree robbery indictment had been improperly amended to charge second-degree robbery, the Alabama Supreme Court stated:
"A valid indictment or complaint, giving the accused notice of the criminal charge against him, is the source of the subject-matter jurisdiction to try a contested criminal case. Ash v. State, 843 So.2d 213 (Ala.2002); see also Ex parte Looney, 797 So.2d [427] at 429 [(Ala.2001)]; Batey v. State, 755 So.2d 593, 595 (Ala.Crim.App.1999). Absent a valid indictment or complaint, a trial court would lack subject-matter jurisdiction to try, to convict, or to sentence a defendant in a contested criminal case. See Ash v. State, supra; see also Batey v. State, supra. Rule 13.5(a), Ala.R.Crim.P., prohibits any amendment to an indictment that changes the offense or charges a new offense not contemplated in the original indictment. See also Rule 13.2(c), Ala.R.Crim.P. (specifying an offense in the indictment provides notice to the accused that he has been charged with all lesser offenses necessarily included in the charged offense). Rule 13.5(a), in conjunction with Rule 13.2(c), allows an indictment to be amended to charge a lesser offense included within the offense charged in the indictment because the accused is placed on sufficient notice of the charge against which he must defend, and the accused is not being tried for an offense different from the charge intended by the grand jury. See Ash v. State, supra; Ex parte Washington, 571 So.2d 1062, 1063 (Ala.1990); Woods v. State, 675 So.2d 47, 50 (Ala.Crim.App.1995); Gayden v. State, 38 Ala.App. 39, 42, 80 So.2d 495, 498 (1954).
"Although there is no indication that the prosecutor actually moved the trial court to amend Cole's original indictment, cases dealing with entry of a guilty plea to an offense other than the offense charged in the indictment sometimes describe the process as `amending' the indictment. For example, in Fleming v. State, 814 So.2d 310 (Ala.Crim.App.2001), and Wingard v. State, 821 So.2d 240 (Ala.Crim.App.2001), reference to the amendment appears within quotation marks, indicating that no formal amendment has occurred but that the process is equivalent to amending the indictment. Regardless of whether by formal amendment or by implicit amendment, the entry of a plea to an offense different than the one charged in the indictment must not violate Rules 13.5(a) and 13.2(c), which, as previously noted, combine to permit only those *1073 amendments that charge a lesser-included offense. Furthermore, the defendant cannot consent to an amendment that effectively charges an offense not contemplated by the indictment. See Hugh Maddox, Alabama Rules of Criminal Procedure § 13.5 (3d ed.1999); see also Wingard v. State, supra; Murray v. State, 814 So.2d 1006 (Ala.Crim.App.2001); Green v. State, 619 So.2d 952, 953 (Ala.Crim.App.1993); Ross v. State, 529 So.2d 1074, 1077 (Ala.Crim.App.1988).
"....
"If at [Cole's] guilty-plea proceedings, the indictment was `amended,' the State was required to comply with Rules 13.5(a) and 13.2(c) and to confine its `amendment' to lesser offenses necessarily included within the offense of first-degree robbery. In this respect, a defendant charged with first-degree robbery by an indictment that describes the defendant's conduct as occurring in the presence of another aiding him could plead guilty to second-degree robbery as a lesser-included offense, because robbery in the second degree requires the use of force or the threatened use of force while the defendant is `aided by another person actually present.' § 13A-8-42, Ala.Code 1975. Under those circumstances, where the original indictment charging first-degree robbery alleged the facts essential to the lesser-included offense of second-degree robbery, any insufficiency in the factual basis of a guilty plea to the lesser-included offense could not be subsequently attacked for lack of subject-matter jurisdiction.
"The indictment by which Cole was charged alleged only facts describing a first-degree robbery in which he acted alone....
"`....'
"When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant  an essential element of the offense of second-degree robbery  the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, supra; Wingard v. State, supra; Green v. State, supra; and Ross v. State, supra.
"Based upon the foregoing, we must reverse the judgment of the Court of Criminal Appeals as to Cole's conviction for second-degree robbery. Cole's conviction for first-degree assault, however, is unchallenged and therefore remains valid. Because the indictment charging him with first-degree robbery was improperly amended to charge second-degree robbery, Cole's original indictment charging first-degree robbery remains valid. The State may try Cole on this charge, or if the factual circumstances would support a conviction for another degree of robbery, the State may reindict *1074 Cole for the proper offense. See Williams v. State, 823 So.2d 1285 (Ala.Crim.App.2001); Pless v. State, 805 So.2d 778 (Ala.Crim.App.2001); Marks v. State, 791 So.2d 1062, 1064 (Ala.Crim.App.2000)."
842 So.2d at 607-09 (emphasis added).
It is well settled that "[r]obbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another." Howard v. State, 710 So.2d 456, 458 (Ala.Crim.App.1996), remanded on other grounds, 710 So.2d 460 (Ala.1997). We believe that the point of Ex parte Cole was that the fact that the defendant was aided in the commission of the robbery by another person must be included within the first-degree-robbery charge itself for second-degree robbery to be a lesser-included offense of first-degree robbery. In other words, if the first-degree robbery charge does not include the fact that the defendant was aided in the robbery by another person, then second-degree robbery is not a lesser-included offense of first-degree robbery, and a trial court would not have jurisdiction to accept a plea to second-degree robbery because that offense would not be encompassed within the first-degree robbery indictment. Of course, as the Supreme Court noted in Ex parte Cole, because the offense of robbery in the first degree is broad enough to encompass the fact that the defendant was aided in the robbery by another person, amending an indictment charging first-degree robbery to include that fact would not violate Rule 13.5(a), Ala.R.Crim.P. However, amending an indictment charging first-degree robbery that did not include the fact that the defendant was aided in the robbery by another person to charge second-degree robbery  either by a formal and express amendment to the indictment or by the entry of a plea to second-degree robbery  would violate Rule 13.5(a) because, under those circumstances, second-degree robbery would not be a lesser-included offense of first-degree robbery.
This Court has, on several occasions, attempted to follow the Supreme Court's opinion in Ex parte Cole. See Collins v. State, 871 So.2d 860 (Ala.Crim.App.2003); Pritchett v. State, 870 So.2d 757, 760 (Ala.Crim.App.2003)(opinion on return to remand); Goetzman v. State, 844 So.2d 1289 (Ala.Crim.App.2002); Boykin v. State, 853 So.2d 1031 (Ala.Crim.App.2002); and Copeland v. State, 841 So.2d 302 (Ala.Crim.App.2002). All of these cases involved appeals from the denial of Rule 32 petitions, just as this one does, and in each case, this Court initially remanded the case for the circuit court to determine whether the first-degree-robbery indictment had been amended with the defendant's consent to add the fact that another person aided the defendant in the robbery because we could not determine from the record whether the indictment had been so amended.
In both Boykin and Copeland, the circuit court, on remand, vacated the defendant's conviction for robbery in the second degree, finding that the indictment charging first-degree robbery had not been amended with the defendant's consent to add the fact that another person had aided the defendant in the robbery. In Pritchett, the circuit court upheld Pritchett's conviction for robbery in the second degree, finding that, by virtue of entering a guilty plea, Pritchett had consented to the indictment's being amended, but this Court reversed the circuit court's judgment, stating:

*1075 "On return to remand, the circuit court has attached copies of the two indictments. The two indictments read as follows:
"`[Pritchett] did, in the course of committing a theft of Four Hundred Sixty Three Dollars and Twenty-Two Cents of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the property of Paul Shrove, use force against the person of Paul Shrove, or against the person of another present, with intent to overcome his physical resistance or physical power of resistance, while the said [Pritchett] was armed with a deadly weapon or dangerous instrument, to wit: a shotgun, in violation of Section 13A-8-41 of the Alabama Criminal Code.'"
"__________
"`[Pritchett] did, in the course of committing a theft of Four Hundred Fifty One Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the property of Robert Woods, threaten the imminent use of force against the person of Robert Woods, with the intent to compel acquiescence to the taking of or escaping with the property, while the said [Pritchett] was armed with a deadly weapon or dangerous instrument, to wit: a sawed-off shotgun, in violation of Section 13A-8-41 of the Alabama Criminal Code.'
"Thus, the indictments do not contain any factual allegations that Pritchett was aided in the commission of the robbery by another person actually present. The circuit court has also attached copies of grand jury testimony indicating that Pritchett was aided during the robbery by another person actually present, an affidavit from the district attorney attesting to the fact that the copies of the grand jury testimony are true and accurate copies, and a copy of the guilty plea agreement. The circuit court found, in pertinent part:
"`[A]lthough the State did not formally amend the ... indictments prior to the entry of the said guilty pleas, Petitioner, essentially, consented to amend the said indictments when he entered his plea of guilty to Robbery in the Second Degree. Furthermore, at the time Petitioner entered his plea of guilty, the State would have made a statement of facts mirroring the information contained in EXHIBITS "B-1" through "B-5" [the grand jury testimony].
"`In consideration of the foregoing the undersigned finds that facts exist, before the Court, sufficient to support Petitioner's pleas of guilty to Second Degree Robbery. The Court further finds that the Order [denying the Rule 32 petition], issued by the undersigned on August 28, 2002, is not due to be vacated, and should remain in full force and effect.'
"(Order on return to remand.)
"While we sympathize with the circuit court and its reluctance to vacate convictions nearly 20 years old when the defendant clearly knew of the charges against him and pleaded guilty in his best interest to a lesser charge, it, and we, cannot circumvent clear Alabama Supreme Court precedent....
"`....'
"As in Cole, both of the first-degree robbery indictments in this case `fail[ ] to set forth facts from which one might conclude that the defendant was aided in *1076 the robbery by another participant  an essential element of the offense of second-degree robbery....' Cole, 842 So.2d at 609.
"Therefore, we remand this cause for the circuit court to vacate its order of August 28, 2002, and grant the petitioner relief. The pleas are not valid, and it shall vacate the pleas."
870 So.2d at 760 (opinion on return to remand).
In Goetzman, the circuit court also upheld Goetzman's second-degree-robbery conviction, finding that Goetzman had expressly consented to the first-degree-robbery indictment's being amended to charge second-degree robbery and that this express consent distinguished the case from Ex parte Cole. However, on return to remand, this Court affirmed the circuit court's order. We now believe that that affirmance was in error because, as noted above, amending a first-degree-robbery charge that does not include the fact that the defendant was aided in the robbery by another person to charge second-degree robbery is improper. We have examined the record in Goetzman as well as the record in Ex parte Cole; we can find no material difference between the two. In Goetzman, as the circuit court noted in its order on remand, the case action summary indicated that the parties had expressly agreed to amend the first-degree-robbery indictment (which did not include the fact that Goetzman was aided in the robbery by another person) to charge second-degree robbery.[3] However, in Ex parte Cole, the case action summary also indicated that the parties had expressly agreed to amend the first-degree-robbery indictment (which did not include the fact that the defendant was aided in the robbery by another person) to charge second-degree robbery.[4] Therefore, our unpublished memorandum affirming the circuit court's order in Goetzman was erroneous.
On rehearing, the State asks this Court to follow the above line of cases, including Goetzman, and to remand this case for the circuit court to determine whether the first-degree-robbery indictment was amended with Toliver's consent to add the fact that another person aided Toliver in the robbery. However, based on our interpretation of Ex parte Cole, we find it unnecessary to remand this case because it is clear from the record before us that the trial court did not have jurisdiction to accept Toliver's guilty plea to second-degree robbery based on the indictment charging him with first-degree robbery.
First, Toliver attached to his petition a copy of his indictment, which charged, in pertinent part:
"The grand jury of said county further charge that before the finding of this indictment, Eddie Toliver, Jr., alias, Eddie Toliber, alias, Eddie Tolliver, Jr., alias, Eddie Alluse, alias, Eddie Tolliver, whose name is to the grand jury otherwise unknown, did, in the course of committing a theft of one television set, one video cassette recorder and one watch, the property of Clinton Johnson, use force or threaten the imminent use of *1077 force against the person of Clinton Johnson or another person present, with the intent to overcome his physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said Eddie Toliver, Jr., alias Eddie Toliber, alias Eddie Tolliver, Jr., alias Eddie Alluse, alias Eddie Tolliver, was armed with a deadly weapon or dangerous instrument, to-wit: a pistol, in violation of Section 13A-8-41 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama."
(C. 72.) Toliver's indictment "fails to set forth facts from which one might conclude that [Toliver] was aided in the robbery by another participant  an essential element of the offense of second-degree robbery." Ex parte Cole, 842 So.2d at 609. Although the transcript of the guilty-plea proceedings, a copy of which the circuit court attached to its order summarily denying Toliver's Rule 32 petition, reflects that the prosecutor's factual basis for the plea included the fact that Toliver had been aided by "another man" in the robbery, this fact was not included in the indictment. (C. 19.)
Second, contrary to the State's contention on rehearing, the record reflects that the indictment charging first-degree robbery was never amended to add the fact that another person aided Toliver in the robbery. The transcript of the guilty-plea proceedings reflects that the first-degree-robbery charge was never amended during the proceedings to add the fact that Toliver was aided in the robbery by another participant. Although the case action summary indicates that Toliver pleaded guilty to "an indictment as amended by agreement" (C. 36), the written plea agreement, which Toliver attached to his petition, indicates that the parties agreed to amend the indictment so as to change the first-degree-robbery charge to second-degree robbery. It is apparent from the record that the amendment referred to in the case action summary was the amendment from first-degree robbery to second-degree robbery, not an amendment to add to the indictment charging first-degree robbery the fact that Toliver had been aided in the robbery by another person. However, the amendment from first-degree robbery to second-degree robbery was improper because the fact that the defendant was aided in the robbery by another person was not included in the first-degree-robbery charge; thus, second-degree robbery was not a lesser-included offense of first-degree robbery as charged in Toliver's indictment." `An indictment cannot be amended to charge an offense that was not encompassed in the original indictment.'" Hamilton v. State, 828 So.2d 957, 960 (Ala.Crim.App.2002), quoting Hall v. State, 655 So.2d 51, 52(Ala.Crim.App.1995).
To treat the proceedings in this case as if the original first-degree-robbery charge included the additional fact that Toliver was aided in the robbery by another person just because Toliver entered into a plea agreement to amend the first-degree-robbery charge to charge second-degree robbery and pleaded guilty to the amended indictment would disregard the settled principle that one cannot consent to the improper amendment of an indictment. See Ex parte Cole, 842 So.2d at 609.
Because the indictment in this case did not include the fact that Toliver was aided in the robbery by another person and because the record before us shows that the first-degree-robbery charge was never amended to include that fact before the indictment was improperly amended to charge second-degree robbery (pursuant to the plea agreement) and Toliver pleaded guilty to second-degree robbery, the trial *1078 court lacked jurisdiction to accept Toliver's plea to second-degree robbery based on the first-degree-robbery indictment in this case. Therefore, the circuit court erred in denying Toliver's Rule 32 petition.
Based on the foregoing, the judgment of the circuit court summarily denying Toliver's Rule 32 petition is reversed and this cause remanded for the circuit court to vacate Toliver's conviction for second-degree robbery.
OPINION OF APRIL 25, 2003, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. SHAW, J., concurs specially, with opinion. WISE, J., concurs in the result.
SHAW, Judge, concurring specially.
I concur in the per curiam opinion because it is consistent with my understanding of Ex parte Cole, 842 So.2d 605 (Ala.2002). The conceptual difficulty that trial courts and this Court are apparently experiencing in consistently applying Cole stems, I believe, from the natural inclination to believe that by virtue of the entry of the guilty plea and the factual basis provided for that plea the parties implicitly agreed to amend an indictment charging only first-degree robbery to add the fact that the defendant was aided in the commission of the robbery by another. However, it appears to me, and, indeed, this Court has held, that the Supreme Court in Cole foreclosed that possibility. See Pritchett v. State, 870 So.2d 757 (Ala.Crim.App.2003)(opinion on return to remand). Specifically, the Supreme Court in Cole stated:
"Regardless of whether by formal amendment or by implicit amendment, the entry of a plea to an offense different than the one charged in the indictment must not violate Rules 13.5(a) and 13.2(c), which, as previously noted, combine to permit only those amendments that charge a lesser-included offense. Furthermore, the defendant cannot consent to an amendment that effectively charges an offense not contemplated by the indictment. See Hugh Maddox, Alabama Rules of Criminal Procedure § 13.5 (3d ed.1999); see also Wingard v. State, supra; Murray v. State, 814 So.2d 1006 (Ala.Crim.App.2001); Green v. State, 619 So.2d 952, 953 (Ala.Crim.App.1993); Ross v. State, 529 So.2d 1074, 1077 (Ala.Crim.App.1988).
"....
"... Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, supra; Wingard v. State, supra; Green v. State, supra; and Ross v. State, supra."
842 So.2d at 608-09. (Emphasis added.)
If this Court's interpretation of Cole is incorrect, I urge the Supreme Court to clarify its holding at its earliest opportunity.
NOTES
[1] Toliver also asserts an additional claim that was not presented in his petition. However, "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997). Because Toliver did not include this claim in his petition, it is not properly before this Court for review.
[2] Rule 32.2(c) was amended effective August 1, 2002, to provide for a one-year period of limitations.
[3] The case action summary stated: "By agreement of all parties, the D.A., defense attorney, and the defendant, the indictment is amended to read Robbery 2." (Goetzman Record, C. 5.)
[4] The case action summary in Ex parte Cole indicated that the parties had agreed to amend the indictment by "adding" a second count to the indictment to charge second-degree robbery; in contrast, the case action summary in Goetzman indicated that the parties had agreed to amend the first-degree-robbery charge itself to charge second-degree robbery, rather than to "add" a second-degree-robbery count to the indictment. This is not a material difference between the cases.