I reluctantly concur with the main opinion's reversal of the circuit court's denial of King's Rule 32, Ala.R.Crim.P., petition, challenging his conviction and sentence for second-degree robbery, based on the holding of the Alabama Supreme Court in Ex parte Cole, 842 So.2d 605 (Ala. 2002). However, I write to urge the Supreme Court to revisit its holding in Ex parte Cole.
This Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala. Code 1975, and "is without authority to overrule the decisions of [that] court." Jones v. City ofHuntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice; we must reverse the circuit court's order denying King's Rule 32 petition and remand this case for that court to vacate his conviction for second-degree robbery, despite the fact that King consented to the amendment of his indictment, because the record failed to show that the indictment was amended to include the allegation he was aided by another participant in the offense. See § 13A-8-42(a), Ala. Code 1975. Based on Ex parteCole, the court's attempt to comply with the spirit of the law was insufficient, thus mandating reversal of the circuit court's order. In my opinion, Ex parte Cole elevates form over substance, and the Court should revisit that decision at its earliest convenience.