I respectfully dissent.
In Ex parte Cole, 842 So.2d 605 (Ala. 2002), Larry Cole was indicted for first-degree robbery and first-degree assault. Cole reached a plea agreement with the prosecutor's office; that agreement provided that Cole would plead guilty to second-degree robbery. Cole, 842 So.2d at 609. Cole pleaded guilty to second-degree robbery and later appealed, arguing that the trial court did not have subject-matter jurisdiction in the case because the indictment contained no facts suggesting that Cole had been aided in the robbery by another person, as is required by the statute defining the offense of second-degree robbery, §13A-8-42, Ala. Code 1975. 842 So.2d at 609. We held in Cole that because the indictment had not been amended to include facts that indicated that Cole had been aided by another person the trial court did not have jurisdiction to accept Cole's guilty plea to second-degree robbery. 842 So.2d at 609.[6] We noted, however:
 "Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala. R.Crim. P.]."
842 So.2d 609.
In this case, the defendant, Jimmy Childers, was arrested and charged with first-degree robbery. Childers, like Cole, struck a plea bargain with the prosecutor, pursuant to which he agreed to plead guilty to second-degree robbery. However, in the present case, Childers, unlike Cole, stated in his colloquy the facts necessary *Page 1035 
to support a conviction for second-degree robbery:
 "THE COURT: Let the record further show that [Childers] is charged with first-degree robbery.
". . . .
 "[CHILDERS'S] ATTORNEY: We have an agreement with the state to reduce the charge to second-degree robbery and pay restitution.
". . . .
 "THE COURT: Mr. Childers, to the charge of robbery in the second degree, how do you plead?
"[CHILDERS]: Guilty.
 "THE COURT: Are you pleading guilty because you are truly in fact guilty?
"[CHILDERS]: Yes.
"THE COURT: Tell me what you did.
 "[CHILDERS]: Me and two other people went into a convenience store and robbed it."
Thus, in this case, before the trial court accepted his plea, Childers testified that he had been aided in the commission of the robbery by two other persons. In doing so, he informally amended his indictment to include the offense of second-degree robbery.
Rule 13.5(a), Ala. R.Crim. P., provides, in pertinent part, that a "charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment." First-degree robbery and second-degree robbery are distinct statutory offenses.[7] Thus, by its terms Rule 13.5(a) would prohibit an amendment to the indictment for the express purpose of charging a new offense if the new offense was not covered by the allegations of the original indictment and was not within the contemplation of the original indictment as a lesser-included offense of the charged offense. However, Rule 13.5(a) is a rule promulgated by this Court, and we clearly have the power to amend it — either formally or by construction.[8] Our holding in Cole effectively amended Rule 13.5(a) by construction.[9] In Cole this Court stated *Page 1036 
that the trial court, with the defendant's consent, can amend the indictment by adding the facts necessary to make second-degree robbery a lesser-included offense to the offense of first-degree robbery. 842 So.2d at 609.
In the case before us, Childers pleaded guilty to second-degree robbery and testified that he had committed the robbery with the aid of two other persons. The trial judge did not formally ask Childers if he would like to amend his indictment; however, before the court accepted Childers's guilty plea Childers volunteered the facts supporting a conviction for second-degree robbery. Thus, Childers informally consented to the amendment of the indictment.
Under this Court's constructive amendment of Rule 13.5(a) inCole, the trial court, with the consent of the accused, can informally amend an indictment charging robbery in the first degree so that the indictment includes a charge of robbery in the second degree and then accept a plea to that lesser charge.Cole provides that an indictment can be so amended when the facts of a case warrant doing so. This procedure is meant to enhance the use of plea bargaining by allowing a defendant to consent to an amendment to an indictment and thereby to avoid the delay necessitated by a prosecutor's dismissing the original indictment and then reindicting the defendant based on new facts.
Cole states that "[t]o treat the proceedings in this case as if the original indictment included the additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment." 842 So.2d at 609. The indictment in Cole was improper because Cole himself did not set forth the fact that he had been aided by another person in the commission of the robbery, an essential element of second-degree robbery.842 So.2d at 609 ("When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea."). Cole raised the following argument:
 "The factual account of the robbery as provided by the prosecutor clearly indicated that Cole was accompanied by another person when the robbery occurred, but according to Cole, the trial judge made no determination whether the other person who was present actually aided or assisted in the robbery. Because the trial court failed to determine whether Cole was actually aided by another person during the commission of the robbery, Cole argues that the court was without jurisdiction to accept his plea of guilty to second-degree robbery."
842 So.2d at 607. Here, Childers testified that he was aided in the robbery by two other persons. The indictment as informally amended by Childers's testimony is therefore proper.
The main opinion suggests a formalistic application of Cole
in which the trial judge must first entertain the amendment to the facts asserted in the indictment; only after the indictment has been amended may the accused offer his guilty plea to the lesser *Page 1037 
charge. I do not read Cole to require such a formalistic approach. Moreover, I believe that the degree of formalism suggested by the main opinion invites error; therefore, absent a compelling reason for such formalism, I am unwilling to accept it. Because I see no meaningful difference between the procedure in this case and the procedure set forth in Cole, I respectfully dissent from the main opinion.
[6] I note that neither Childers nor the State has asked this Court to overrule Cole.
[7] Section 13A-8-41, Ala. Code 1975, provides:
 "(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
 "(c) Robbery in the first degree is a class A felony."
Section 13A-8-42, Ala. Code 1975, provides:
 "(a) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present.
 "(b) Robbery in the second degree is a Class B felony."
Each offense contains an element not included in the other: robbery in the first degree occurs only when the accused is armed with a deadly weapon or a dangerous instrument, while robbery in the second degree occurs only when the accused is aided by another person who is actually present. See Blockburger v.United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[8] This Court is authorized to "promulgate rules . . . governing practice and procedure in all courts; provided, however, that such rules [do] not abridge, enlarge or modify the substantive right of any party. . . ." § 6.11 of Amendment No.328, Alabama Constitution of 1901. See also Schoenvogel ex rel.Schoenvogel v. Venator Group Retail, Inc., 895 So.2d 225, 231
(Ala. 2004).
[9] I believe that the construction this Court gave Rule 13.5(a), Ala. R.Crim. P., in Cole has rendered Rule 13.5(a) misleading; it should be revised to expressly reflect the meaning this Court gave it in Cole.