472 So.2d 1122 (1985)
Keith ALLEN
v.
STATE
1 Div. 814.
Court of Criminal Appeals of Alabama.
March 26, 1985.
Rehearing Denied April 23, 1985.
Certiorari Denied June 21, 1985
*1124 W. Donald Bolton and Thack H. Dyson of Foster, Brackin & Bolton, Foley, for appellant.
Charles A. Graddick, Atty. Gen., and T.A. Harding Fendley, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 84-802.
TYSON, Judge.
Keith Allen appeals from his conviction for rape in the second degree, for which he was sentenced to ten years' imprisonment in the penitentiary. Since the appellant does not challenge the sufficiency of the evidence, we find it unnecessary to recite the facts of this case. Any facts which are necessary to our decision of the issues raised on appeal will be included in our discussion of those issues.

I
The appellant was originally indicted for the violation of § 13A-6-61(a)(3), Code of Alabama 1975, which states:
"(a) a male commits the crime of rape in the first degree if: ...
"(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old."
The case proceeded to trial on this indictment and the State's first witness was the victim's mother. She testified that the victim had her twelfth birthday approximately one week prior to the alleged rape.
Following the testimony of this witness, the trial judge held a hearing outside the presence of the jury.
At this hearing, the State told the trial judge that due to the age of the victim at the time of the alleged rape, defense counsel had been asked to agree to an amendment to the indictment, but defense counsel refused to consent to such amendment.
The jury then returned to the courtroom and the following occurred: (Supp.R. 44-45)
"THE COURT: Now, I understand at this time, the State has a motion to make?
"MISS MINIC: Judge, unfortunately, at this time, the State moves to dismiss the charge against the Defendant.
"THE COURT: On the basis of what?
"MISS MINIC: The age, the indictment was faulty due to the age.
"THE COURT: The indictment was faulty because the young lady was twelve years old at the time it occurred?
"MISS MINIC: Well, we can't proceed under a lesser included offense because of the way the law is stated.
"THE COURT: All right. This case is dismissed and the Court directs the District Attorney to have a new indictment drafted."
The appellant was then indicted for the offense for which he was convicted, and from which he now appeals. Section 13A6-62(a)(1) provides that: "(a) a male commits the crime of rape in the second degree if: (1) Being 16 years or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female."
The appellant contends that his second trial on the second indictment placed him in double jeopardy, and, therefore, his conviction should be reversed.
Section 15-8-91, Code of Alabama 1975, provides that when a defendant does not agree to an amendment in an indictment, *1125 the trial judge may properly dismiss the prosecution and order a new indictment to be preferred. This was the procedure followed in this case.
However, the Alabama Supreme Court in Ex parte Allred, 393 So.2d 1030 (Ala.1980), held that even when there is proper compliance with § 15-8-91, "... the dismissal of the first indictment must be grounded upon a material variance, or it must have been due to some `manifest necessity' before Defendant is constitutionally subject to retrial." 393 So.2d at 1032.
"The `manifest necessity' exception, recognized and applied in Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), and in the cases cited therein (see, also, Woods v. State, 367 So.2d 982 (Ala.1978)), finds its application in the factual context of a second prosecution for the same offense. On the other hand, reindictments within the contemplation of the amendment statutes (§§ 15-8-90, -91) are prosecutions for offenses not sustainable by the evidence adduced under the original indictment, i.e., for a different offense.
"Thus, the ultimate issue here presented is whether Defendant's plea of double jeopardy was interposed to an indictment which charged him with commission of the same offense for which he had been put to trial under the first indictment. The answer is implicit in the postulation of two opposing hypotheses: (1) If the variance between the averment in the indictment ... precludes a sustainable conviction, then it is a material variance; and the reindictment pursuant to the amendment statute is permissible and Defendant's plea of double jeopardy is unavailable; and (2) if, on the other hand, the variance is of such an immaterial nature as not to defeat the sustainability of Defendant's conviction thereunder, the statutory scheme for reindictment is impermissible; and, where such reindictment procedure is invoked, Defendant's plea of double jeopardy is valid."
Allred, supra at 1032.
The language in the first indictment substantially followed the language of § 13A-6-61(a)(3), which sufficiently describes the elements of the offense for which the appellant was indicted. The elements of this offense, which were delineated in the indictment, are that the appellant, 1) a male, 16 years or older, 2) engaged in sexual intercourse 3) with the victim, who was a female less than 12 years old.
The proof adduced at trial was that the victim was 12 years old when this alleged offense occurred. Because of this fact, if the appellant had been convicted of the offense charged in the indictment, it would have been due to be reversed. Therefore, we find that the dismissal of the first indictment was grounded upon a material variance and that the appellant's retrial did not, therefore, constitute double jeopardy.
The appellant further contends that rape in the second degree is a lesser included offense of rape in the first degree and, therefore, a second trial was barred.
We do not agree. In the context of the offenses for which the appellant was indicted, rape in the first degree requires proof that the victim is less than 12 years old while rape in the second degree requires proof that the victim is less than 16, but more than 12 years old. Therefore, rape in the second degree is not a lesser included offense of rape in the first degree, since the proof necessary to establish the offense of rape in the first degree (the greater offense) does not of necessity establish every element of the offense of rape in the second degree (the lesser offense). See Commentary to § 13A-1-9, Code of Alabama 1975. It must be impossible to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater. Sharpe v. State, 340 So.2d 885 (Ala.Cr.App.), cert. denied, 340 So.2d 889 (Ala.1976).
The age factor necessarily distinguishes these two offenses and makes them separate and distinct crimes. The offenses of first and second degree rape each require *1126 proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape.
This court does acknowledge the fact that the trial judge's entry of record following the dismissal of the first indictment does not comply with the language set out in § 15-8-91, Code of Alabama 1975. This section states in part that upon the dismissal of an indictment and the ordering of a new indictment,
"[A]n entry of record must be made to the effect following:
`The State v. A.B.
In this case, it appeared from the evidence that there was a variance between the allegations of the indictment and the proof of this (setting out the variance); or it appeared from the evidence that the defendant's name was... (stating it); and the defendant not consenting to allow the indictment to be amended, the prosecution was dismissed before the jury retired, and another indictment was ordered to be preferred.'"
The trial judge's entry of record states "case dismissed on motion of the District Attorney due to a defect in the indictment, whereupon, the court ordered a new indictment presented to the grand jury." (S.R. 60) As can be seen from the above quote, it is clear that the entry of record did not adequately set out the variance between the first indictment and the proof offered at the first trial. While two cases, Coleman v. State, 71 Ala. 312 (1882), and McClellan v. State, 121 Ala. 18, 25 So. 725 (1899), hold that the failure to set out this type of variance is reversible error, we do not find reversible error here.
It seems to this court that the appellant waived this argument since he failed to point out this problem to the trial judge (so that he could correct it) until after the second trial was completed.
Furthermore, even if the appellant did not waive this error, it certainly constitutes harmless error since the appellant was not prejudiced in any way by the trial judge's failure to adequately set out the variance in the entry of record as required by § 15-8-91, Code of Alabama 1975.
The appellant was well aware of the variance since he explicitly stated the substance of it when the trial judge conducted the hearing on his motion based ona plea of former jeopardy. The appellant was allowed to raise all double jeopardy issues.
Moreover, this court has decided this double jeopardy question.

II
During the presentation of the defense, Claudine Nichols, an employee with the Department of Pensions and Security, testified that the victim did not tell anyone about the incident with the appellant until quite awhile after it allegedly occurred. On cross-examination, the State asked Nichols if it was unusual for a child to wait a long period of time before telling others of such an incident.
The appellant contends Nichols was not qualified to testify as to this issue. "The question of the competency of a particular witness to testify as an expert is addressed primarily to the trial court. In the absence of abuse of discretion vested in the trial court, we cannot supplant its judgment by our own, even if it were otherwise." Merriweather v. State, 364 So.2d 374 at 375-76 (Ala.Cr.App.), cert. denied, 364 So.2d 377 (Ala.1978) (citations omitted).
The trial judge was certainly not in error by allowing the testimony of this witness. Nichols testified she had been employed by the Department of Pensions and Security for 13 years, and that her area of expertise was sexual abuse cases. She outlined the extent of her formal training and stated she had worked on approximately 100 cases. Her case work included talking to victims, the offenders and their families.
*1127 We find that the trial judge properly ruled that she was qualified to testify as an expert on these sexual abuse issues.

III
On re-cross-examination of Nichols by the State, the following occurred: (R. 82)
"BY MISS MINIC:
"Q Claudine, are you familiar with the patterns or symptoms of a child that has been sexually abused?
"A Yes.
"Q And after your last opportunity to talk with Beverly, were you able to formulate an opinion as to whether or not she had been abused?
"A Yes, I was.
"Q And what was your opinion?
"A She was abused."
The appellant contends that Nichols was improperly allowed to testify as to the ultimate issue in the case. While it is true that a witness may not give his or her opinion concerning the ultimate fact in issue, this is not such a case. But see, Wyatt v. State, 405 So.2d 154 (Ala.Cr.App. 1981).
The ultimate fact in issue is whether the appellant engaged in sexual intercourse with the victim who was younger than 16 but older than 12 years of age. As the State indicates in its brief, sexual abuse has a different connotation than sexual intercourse.
Furthermore, as can be seen from the above-quoted portion of the record, the appellant failed to make a timely and specific objection to the reply to this question. Therefore, it is not preserved for our review. Hargrove v. State, 344 So.2d 823 (Ala.Cr.App.), cert. denied, 344 So.2d 826 (Ala.1977).
The appellant's continuing objection to this witness's lack of qualification to testify as an expert witness does not suffice for the specific objection necessary to have preserved this issue for our review.

IV
The appellant contends that his motion for a mistrial should have been granted because of an unauthorized communication between a juror and two members of the victim's family.
At the hearing on this motion, Gloria Allen (the appellant's wife and the sister of the victim) and Janet Allen (the appellant's mother) testified that they saw Martha Jeffcoat (the victim's mother) and Kathy Simmons (the victim's sister) talking to one of the jurors during a lunch recess.
Jeffcoat and Simmons testified that during one of the lunch breaks, they noticed a woman doing needlework. Since both of them were interested in needlework, they went and looked at her work and talked about the shoes the woman was crocheting. Both testified that they were unaware at the time that the woman was a juror, and said that they did not discuss the case or tell the woman who they were.
Dorothy Stapleton, the woman Jeffcoat and Simmons supposedly talked to, stated she did not remember talking to the women or having a conversation with anyone about her needlework. She testified that she did not discuss the case with anyone.
Following this testimony, the trial judge stated: (R. 185)
"THE COURT: Well, if it had been brought before this Court at the time the incident occurred, I would have had an opportunity to examine this juror to see whether if any she had been tainted in any way and whether she could give a fair and impartial trial at that point. The juror today says that she doesn't even recollect, she says she doesn't even remember being approached in the jury box. It didn't influence her in any way one way or the other. I deny your motion."
The appellant, citing Woods v. State, 367 So.2d 982 (Ala.1978), states that Stapleton might have been influenced by this conversation and, therefore, this cause is due to be reversed. In Woods, supra, a mistrial was granted because there was a communication *1128 between the defendant's mother and a juror. The Supreme Court held that this conversation was enough to raise a presumption of vitiating influence.
However, the fact that distinguishes Woods, supra, from the case at bar is that in Woods, the juror and the defendant's mother were friends. In this case, the juror does not even remember talking to Jeffcoat and Simmons.
The appellant contends that since there were four witnesses who testified that the event took place and the juror testified she does not recall the conversation, indicates that the juror is lying to hide the real substance of the conversation.
However, the trial judge, after hearing the testimony of the witnesses Jeffcoat and Simmons that the conversation was about needlework and the testimony of Stapleton that she does not recall the conversation, and observing their demeanor, decided that Stapleton was not influenced by the conversation, and there was not a manifest necessity to declare a mistrial.
While this court does not condone conversations between jurors and members of the family of the participant at the trial, we agree with the trial judge that a mistrial was not necessary in this case. After reviewing the testimony at this hearing, it is obvious that the juror was not biased by the conversation with the victim's family. Therefore, we uphold the trial judge's refusal to grant a mistrial.
This cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.