We granted the writ of certiorari in this case to review the petitioner's claim that he could not be convicted on his plea of guilty to second degree rape because it was not a lesser included offense of first degree rape, with which he was charged in the indictment.
 FACTS
Clarence Washington was indicted for rape in the first degree. Washington, who was 19 years old, was accused of raping a girl who was 14 years old. The State moved to amend the indictment to charge rape in the second degree, and Washington *Page 1063 
pleaded guilty to rape in the second degree. Washington appealed to the Court of Criminal Appeals, and that Court affirmed, without opinion, 564 So.2d 115. Washington petitioned this Court to review the judgment of the Court of Criminal Appeals.
 I
Washington argues that the trial court was without jurisdiction to accept his guilty plea because the State was without authority to amend the indictment, which charged him with first degree rape, to charge him with second degree rape, because, he says, second degree rape is not a lesser included offense of first degree rape.
The issue before this Court is whether, under the facts in this case, rape in the second degree is a lesser included offense of rape in the first degree. If so, then the State could amend the indictment. We find that it is.
 II
The State, of course, cannot amend an indictment to state a new offense,[1] but an indictment need not state a lesser included offense that is necessarily included in the offense charged. See Temp. Rule 15.2(b) and (c).[2]
The question is what constitutes a lesser included offense. In determining whether vehicular homicide is a lesser included offense of murder, this Court, in Ex parte Jordan,486 So.2d 485, 488 (Ala. 1986), interpreted § 13A-1-9(a)(1), as follows: "Upon the proper application of subsection (1) of the lesser-included-offense statute to these criminal statutes, the issue is simple: Can all or fewer than all of these facts establishing the commission of murder also establish the commission of vehicular homicide?" (Emphasis original.)
Applying the principle set out in Ex parte Jordan to this case, we note that rape in the second degree is a lesser included offense of rape in the first degree only if all or fewer than all of the facts establishing the commission of first degree rape also establish the commission of second degree rape.
The indictment in this case read as follows:
 "The Grand Jury of said County charge that, before the finding of this indictment,
 "CLARENCE KEY WASHINGTON, alias CLARENCE K. WASHINGTON, alias KEITH WASHINGTON,
 "whose name is otherwise unknown to the Grand Jury, a male, did engage in sexual intercourse with [W.M.], a female, by forcible compulsion, in violation of Section 13A-6-61 of the Code of Alabama."
The petitioner cites in support of his argument that rape in the second degree is not a lesser included offense of rape in the first degree the case of Allen v. State, 472 So.2d 1122
(Ala.Cr.App. 1985). In that case the Court of Criminal Appeals did hold that rape in the second degree was not a lesser included offense of rape in the first degree when the victim is over 12 and the indictment charges rape in the first degree under § 13A-6-61(a)(3). We find that case to be distinguishable from this case. In Allen, the indictment alleged that the defendant was 16 years old or older and that the victim was less than 12 years old, but the proof at trial showed that the victim was 12 years old at the time of the offense. Therefore, the trial court dismissed the indictment *Page 1064 
for rape in the first degree, and the State was allowed to reindict the defendant for rape in the second degree, because, under those facts, rape in the second degree was not a lesser included offense of rape in the first degree. In that case, Allen was indicted under § 13A-6-61(a)(3), which makes the ages of the defendant and the victim necessary elements of the crime, and the ages specified in § 13A-6-61(a)(3) (defendant 16 years old or older and victim less than 12) necessarily exclude the ages needed to prove rape in the second degree under §13A-6-62(a)(1) (defendant 16 years or older and victim less than 16 and more than 12 years old — the facts of this case). Thus, Allen stands for the proposition that rape in the second degree under § 13A-6-62(a)(1) is not a lesser included offense of rape in the first degree under § 13A-6-61(a)(3), because of the different proof of ages required.
In the present case, however, Washington was not indicted under § 13A-6-61(a)(3); he was indicted under § 13A-6-61(a)(1), engaging in sexual intercourse with a female by forcible compulsion. The ages of the defendant and the victim are not necessary elements under § 13A-6-61(a)(1).[3] The facts that the State would have brought forth in this case to prove forcible compulsion would have included the ages of Washington and the victim. If this case had gone to a jury, Washington would have been entitled to a jury instruction on second degree rape, as defined in § 13A-6-62(a)(1), the section of the Code Washington was charged with violating, and the charge to which he entered a plea of guilty.[4]
The Court of Criminal Appeals has held that, under the proper facts, a jury in a case involving a defendant indicted for rape in the first degree can be instructed on rape in the second degree as a lesser included offense. In Beavers v. State,511 So.2d 951, 954-55 (Ala.Cr.App. 1987), the court stated:
 "The appellant contends that the trial court erred in instructing the jury on rape in the second degree. He cites Allen v. State, 472 So.2d 1122 (Ala.Crim.App. 1985) in support of his contention that rape in the second degree is not a lesser included offense of rape in the first degree, therefore, the judge's jury charge, under this indictment, which charged rape in the first degree, constituted reversible error. We disagree.
 "This appellant was charged with 'forcible compulsion' rape under § 13A-6-61(a)(1), Code of Alabama 1975. The court charged on second degree rape under § 13A-6-62(a)(1). The evidence supported this charge since the appellant was clearly over 16 years old and the victim was 14 years old at the time. Had the jury concluded that no forcible compulsion existed then, under the evidence, it would have been authorized to convict the appellant of second degree rape under the evidence presented. See Sharpe v. State, 340 So.2d 885
(Ala.Crim.App.), cert. denied, 340 So.2d 889 (Ala. 1976).
 "In Allen, supra, the appellant was charged in the indictment with a violation of § 13A-6-61(a)(3), and not forcible compulsion rape under § 13A-6-61(a)(1), as was the case here. Based on the differing age factors under the two statutes, and in light of the specific offense charged in that particular indictment, we held that second degree rape was not a lesser included offense of first degree rape. . . .
 "Where, as here, the indictment charges forcible compulsion rape in the first degree, and the evidence supports a charge on rape in the second degree, a jury charge on rape in the second degree is not erroneous since the proof necessary *Page 1065 here to establish rape in the first degree of necessity established every element of rape in the second degree."
(Emphasis original.)
All or fewer than all the facts of this case that would establish commission of first degree rape would also establish every element of second degree rape. Therefore, under thesefacts, rape in the second degree is a lesser included offense of rape in the first degree, and the State could amend the indictment.
The Court of Criminal Appeals did not err in affirming petitioner's conviction of second degree rape. The judgment of that court is due to be, and it is hereby, affirmed.
AFFIRMED.
ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] Ala. Code 1975, § 13A-1-9(a)(1), provides:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged;
. . . ."
See Temp. Rule 15.5, A.R.Crim.P.
[2] Temp. Rule 15.2 provides, in part:
 "(b) Charging the Offense. The indictment or information shall state for each separate offense, other than lesser included offenses, the official or customary citation of the . . . provision of law which the defendant is alleged to have violated.
 "(c) Notice of Necessarily Included Offenses. Specification of an offense in an indictment or information shall constitute a charge of that offense and of all lesser offenses necessarily included therein."
[3] Section 13A-6-61(a)(1) provides:
"(a) A male commits the crime of rape in the first degree if:
 "(1) He engages in sexual intercourse with a female by forcible compulsion."
[4] Section 13A-6-62(a)(1) defines rape in the second degree, as follows:
 "(a) A male commits the crime of rape in the second degree if:
 "(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female."