899 So.2d 1025 (2004)
Ex parte State of Alabama.
(In re Jimmy Allen CHILDERS v. STATE of Alabama).
1031029.
Supreme Court of Alabama.
November 5, 2004.
*1026 Troy King, atty. gen., and Michael B. Billingsley, Corey L. Maze, and Yvonne A.H. Saxon, asst. attys. gen.; and Nathan A. Forrester, deputy atty. gen., of Bradley Arant Rose & White, LLP, Birmingham, for petitioner.
Jimmy Allen Childers, pro se.
JOHNSTONE, Justice.
This Court granted the petition of the State for certiorari review of the decision of the Court of Criminal Appeals in Childers v. State, 899 So.2d 1023 (Ala.Crim.App. 2003), to determine whether that decision, which reversed Childers's conviction of second-degree robbery, conflicts with our decision in Ex parte Cole, 842 So.2d 605 (Ala.2002). Because we conclude that the decision of the Court of Criminal Appeals in Childers does not conflict with Cole, we quash the writ of certiorari as improvidently granted.

Facts
In 1985, Childers was indicted for first-degree robbery under § 13A-8-41(a)(1), Ala.Code 1975.[1] The indictment alleged:
"JIMMY ALLEN CHILDERS, whose name is to the grand jury otherwise unknown, did, in the course of committing a theft of [$800.00] and food stamps, the property of Richard A. Giangrosso, threaten the imminent use of force against the person of Richard A. Giangrosso, with the intent to compel acquiescence to the taking of or escaping with the property, while the said JIMMY ALLEN CHILDERS was armed with a deadly weapon or dangerous instrument, to-wit: a pistol, in violation of § 13A-8-41[, Ala.Code 1975], against the peace and dignity of the State of Alabama."
In 1986, pursuant to a plea agreement with the State, Childers pled guilty to second-degree robbery under § 13A-8-42(a).[2] At the guilty-plea proceeding, this colloquy occurred:
"THE COURT: ... Let the record further show that the defendant is charged with first degree robbery....
"....
"[DEFENDANT'S ATTORNEY]:... We have an agreement with the State to reduce the charge to second-degree robbery and pay restitution.
"....
"THE COURT: ... A firearm was involved and the district attorney has agreed to amend the charge to robbery in the second degree, which means that *1027 you would be facing a sentence in the penitentiary of 2 to 20 years....
"....
"THE COURT: Mr. Childers, to the charge of robbery in the second degree, how do you plead?
"DEFENDANT: Guilty.
"THE COURT: Are you pleading guilty because you are truly in fact guilty?
"DEFENDANT: Yes.
"THE COURT: Tell me what you did.
"DEFENDANT: Me and two other people went into a convenience store and robbed it."
(Emphasis added.) The trial court sentenced Childers to three years in prison, and Childers did not appeal his conviction and sentence.
However, in 2002, Childers filed a Rule 32, Ala. R.Crim. P., petition challenging his conviction and sentence. In his Rule 32 petition, Childers asserted that the trial court lacked subject-matter jurisdiction to accept his guilty plea to second-degree robbery because his indictment did not allege that he committed the robbery with the aid of another person who was actually present.
The State moved to dismiss Childers's Rule 32 petition and filed transcripts of the testimony presented to the grand jury that indicted Childers for first-degree robbery. The testimony filed by the State tended to prove that Childers committed the robbery with two accomplices. The State argued that, since the evidence presented to the grand jury established that Childers committed the robbery with two accomplices, second-degree robbery was a lesser-included offense of the first-degree robbery charged in Childers's indictment.
On the basis of the testimony before the grand jury and Childers's admission in the colloquy at his guilty-plea proceeding, the trial court held that second-degree robbery was a lesser-included offense of the first-degree robbery charged in Childers's indictment. Concluding that Childers's Rule 32 petition raised no jurisdictional defects in his conviction or sentence, the trial court summarily dismissed Childers's Rule 32 petition on procedural grounds.
Appealing to the Court of Criminal Appeals, Childers asserted that the trial court erred in holding, on the basis of the grand-jury testimony and Childers's admission in the colloquy at his guilty-plea proceeding, that second-degree robbery was a lesser-included offense of the first-degree robbery charged in his indictment. Childers argued that the subject-matter jurisdiction of the trial court was determined by the text of the indictment rather than the grand-jury testimony or his admission in the colloquy at his guilty-plea proceeding. Childers further argued that, since his indictment did not allege his commission of the robbery with the aid of another person who was actually present, an essential element of second-degree robbery, his indictment for first-degree robbery did not encompass second-degree robbery as a lesser-included offense. Therefore, Childers argued, since second-degree robbery was not a lesser-included offense of the first-degree robbery charged in his indictment, his indictment did not confer upon the trial court subject-matter jurisdiction to accept his guilty plea to second-degree robbery.
In response, the State argued that Childers, by pleading guilty to second-degree robbery, consented to an informal amendment of his indictment to charge him with second-degree robbery. Therefore, the State argued, since the indictment had been informally amended to charge Childers with second-degree robbery, the amended indictment conferred upon the trial court subject-matter jurisdiction *1028 to accept Childers's guilty plea to second-degree robbery.
Reversing the dismissal of Childers's Rule 32 petition, the Court of Criminal Appeals held and explained:
"The record contains a copy of the transcript of Childers's guilty-plea proceedings. This transcript reveals that during the colloquy, Childers admitted that he committed the robbery with two accomplices. However, Childers's indictment for first-degree robbery does not allege facts indicating that he was aided in this offense by another participant, and the record shows that the indictment was never amended to include the fact that he was aided by other persons in the robbery. Ex parte Cole, 842 So.2d 605 (Ala.2002). Therefore, the circuit court did not have jurisdiction to accept Childers's guilty plea to a charge of second-degree robbery, and its denial of his Rule 32 petition was in error. See Toliver v. State, 881 So.2d 1070 (Ala. Crim.App.2003)."
Childers v. State, 899 So.2d at 1024 (emphasis added).

Issue and Standard of Review
Before this Court, the State asserts that the decision of the Court of Criminal Appeals conflicts with the decision of this Court in Cole because, the State argues, Cole held that the presence in the record of evidence that the defendant was aided in the commission of the robbery by another person who was actually present, had the Cole record contained such evidence, together with the defendant's guilty plea to second-degree robbery, would have effected a valid informal amendment of the first-degree robbery indictment in Cole to charge second-degree robbery. Accordingly, the issue presented is whether Cole so held. That is an issue of law. This Court reviews such issues de novo. Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003).

Law and Analysis
In explicating Cole, we are confronted with a number of Alabama precedents which address a foundational issue in Cole. Some are consistent with Cole, and some are not. Worse, those that are inconsistent with Cole are also inconsistent with Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
This foundational issue is the difference between distinct offenses on the one hand and lesser-included offenses on the other. The difference is critical in our jurisprudence because we cannot consistently hold, in one case, that an offense is lesser-and-included within a charged offense for the purpose of affirming a conviction pursuant to a trial or a guilty plea and yet, in another case, hold that the two offenses are distinct for the purpose of affirming two convictions under two separate charges.
For purposes of double jeopardy, Blockburger, 284 U.S. at 304, 52 S.Ct. 180, held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." "The Blockburger test turns on the statutory elements of the two offenses, not on the actual evidence that may be used by the state in proving the crimes." Ex parte Wright, 477 So.2d 492, 493 (Ala.1985). "Alabama has applied the Blockburger test to determine whether two offenses are the `same' under the Alabama Constitution." Id. However, the Alabama appellate courts have, in deciding whether one offense is lesser-and-included within another, sometimes reached conclusions that conflict with the Blockburger test.
*1029 In Anderson v. State, 686 So.2d 381 (Ala.1996), the defendant Anderson was indicted for the single offense of first-degree rape under § 13A-6-61(a)(1).[3] However, on the basis of the evidence presented by the State, the trial court instructed the jury that it could consider not only first-degree rape under § 13A-6-61(a)(1) but also first-degree assault under § 13A-6-20(a)(1)[4] as a lesser-included offense. The jury found Anderson guilty of first-degree assault, and the trial court convicted and sentenced him accordingly. On appeal, Anderson argued that the trial court erred in instructing the jury on first-degree assault under § 13A-6-20(a)(1) as a lesser-included offense of first-degree rape under § 13A-6-61(a)(1) because first-degree assault under § 13A-6-20(a)(1) requires, as an essential element, a serious physical injury, while first-degree rape under § 13A-6-61(a)(1) does not.
On certiorari review of the reversal by the Alabama Court of Criminal Appeals, Anderson v. State, 686 So.2d 378 (Ala. Crim.App.1994), the Alabama Supreme Court rejected Anderson's argument. The Supreme Court said:
"Had Anderson been convicted of rape in the first degree and if no jury charges on assault had been given, then Anderson would have been entitled to a new trial, at which the jury would be instructed on assault as a lesser included offense, because the evidence here would support such a charge. It is apparent in this case that the jury believed that the sexual intercourse between the victim and Anderson was consensual. However, the jury also obviously determined that Anderson subsequently assaulted the victim, and it found him guilty of the offense of assault in the first degree. Therefore, the trial court did not err in charging on assault. The evidence supported the charge."
686 So.2d at 384 (emphasis added).
First-degree rape under § 13A-6-61(a)(1) requires, as an essential element, that the defendant engage in sexual intercourse with the victim by forcible compulsion. First-degree assault under § 13A-6-20(a)(1) does not. First-degree assault under § 13A-6-20(a)(1) requires, as an essential element, that the defendant cause serious physical injury. First-degree rape under § 13A-6-61(a)(1) does not. Therefore, under the Blockburger test, first-degree rape under § 13A-6-61(a)(1) and first-degree assault under § 13A-6-20(a)(1) are two separate offenses rather than a greater offense and its lesser-included offense. Under the Blockburger test, a defendant who committed both first-degree rape under § 13A-6-61(a)(1) and first-degree assault under § 13A-6-20(a)(1) in a single transaction could be indicted for, convicted of, and punished for, both offenses. Ex parte Dawson, 675 So.2d 905, 907 (Ala.1996). Accordingly, the holding in Anderson that the evidence presented by the State on the charge of first-degree rape under § 13A-6-61(a)(1) could make first-degree assault under § 13A-6-20(a)(1) a lesser-included offense of first-degree rape under § 13A-6-61(a)(1) conflicts with the Blockburger test.
*1030 In Ex parte Washington, 571 So.2d 1062 (Ala.1990), the defendant Washington was indicted for first-degree rape under § 13A-6-61(a)(1). While the indictment alleged that the defendant engaged in sexual intercourse with the victim by forcible compulsion, it did not allege the ages of the defendant and the victim. Upon motion of the State, the indictment was amended to charge second-degree rape under § 13A-6-62(a)(1).[5] Washington entered a guilty plea to second-degree rape under § 13A-6-62(a)(1) and then appealed his guilty-plea conviction. On appeal, Washington argued that the indictment could not be validly amended to charge second-degree rape under § 13A-6-62(a)(1) because that offense was not a lesser-included offense of first-degree rape under § 13A-6-61(a)(1). The reason, Washington argued, was that the ages of the defendant and the victim are essential elements of second-degree rape under § 13A-6-62(a)(1), while they are not essential elements of first-degree rape under § 13A-6-61(a)(1). Washington further argued that, since the amendment of the indictment was invalid, the trial court lacked subject-matter jurisdiction to accept his guilty plea to second-degree rape.
On certiorari review of the affirmance by the Alabama Court of Criminal Appeals, Washington v. State, 564 So.2d 115 (Ala.Crim.App.1990) (table), the Alabama Supreme Court rejected Washington's argument. In holding that second-degree rape under § 13A-6-62(a)(1) was a lesser-included offense of first-degree rape under § 13A-6-61(a)(1), the Washington Court said:
"[Washington] was indicted under § 13A-6-61(a)(1), engaging in sexual intercourse with a female by forcible compulsion. The ages of the defendant and the victim are not necessary elements under § 13A-6-61(a)(1). The facts that the State would have brought forth in this case to prove forcible compulsion would have included the ages of Washington and the victim. If this case had gone to a jury, Washington would have been entitled to a jury instruction on second degree rape, as defined in § 13A-6-62(a)(1), the section of the Code Washington was charged with violating [by the amended indictment], and the charge to which he entered a plea of guilty."
571 So.2d at 1064 (footnote omitted; emphasis added).
As noted above, first-degree rape under § 13A-6-61(a)(1) requires, as an essential element, that the defendant accomplish the rape by forcible compulsion. Second-degree rape under § 13A-6-62(a)(1) does not. Second-degree rape under § 13A-6-62(a)(1) requires, as essential elements, that the defendant be 16 years old or older, that the victim be less than 16 and more than 12 years old, and that the defendant be at least two years older than the victim. First-degree rape under § 13A-6-61(a)(1) does not. Thus, under the Blockburger test, first-degree rape under § 13A-6-61(a)(1) and second-degree rape under § 13A-6-62(a)(1) are two different offenses rather than a greater offense and its lesser-included offense. Yet, Washington held that the presentation by the State of evidence of first-degree rape under § 13A-6-61(a)(1), since it might incidentally *1031 include evidence of the essential elements of second-degree rape as well, made second-degree rape under § 13A-6-62(a)(1) a lesser-included offense of first-degree rape under § 13A-6-61(a)(1). Thus, the holding in Washington conflicts with the Blockburger test.
However, the holding in Ex parte Jordan, 486 So.2d 485, 488 (Ala.1986), is compatible with the Blockburger test. In Jordan, the indictment charged Jordan with two counts of murder. Count One, which charged Jordan with reckless murder, alleged that Jordan "`did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to [another person], and did thereby cause the death of John Howard Od[u]m by operating a motor vehicle under the influence of alcohol ... [and] striking the vehicle which John Howard Od[u]m was operating. . . .' "486 So.2d at 486 (footnote omitted). Count Two alleged intentional murder. Jordan requested a lesser-included-offense jury instruction on vehicular homicide. The vehicular-homicide statute provides that the essential elements of that offense consist of the defendant's "unlawfully and unintentionally caus[ing] the death of another person while engag[ing] in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle . . . or to the regulation of traffic. . . . "§ 32-5A-192(a), Ala.Code 1975 (emphasis added). The trial court denied Jordan's request for a lesser-included-offense jury instruction on vehicular homicide. The jury convicted Jordan of reckless murder under Count One of the indictment.
On certiorari review of the affirmance by the Alabama Court of Criminal Appeals, Jordan v. State, 486 So.2d 482 (Ala. Crim.App.1985), the Alabama Supreme Court explained and held:
"Under the proper application of subsection (1) of the lesser-included-offense statute to these criminal statutes, the issue is simple: Can all or fewer than all of these facts establishing the commission of murder also establish the commission of vehicular homicide? In the present case, they conceivably can. According to the language of the indictment and the jury's subsequent conviction thereunder, Jordan `did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death ... and did thereby cause the death of John Howard Od[u]m by operating a motor vehicle under the influence of alcohol... [and] striking the vehicle which John Howard Od[u]m was operating.. . .' Some of these very same facts could establish the commission of vehicular homicide. Jordan operated a vehicle in a manner violating motor vehicle traffic laws, specifically, DUI laws. His driving proximately caused Odum's death.
"Under the proper application of subsection (4) [of § 13A-1-9], the issue is whether the two criminal statutes differ under these facts only in that vehicular homicide contemplates a less serious injury or risk of injury or requires a lesser kind of culpability. As the [Court of Criminal Appeals] correctly noted, vehicular homicide does require a lesser kind of culpability. Reckless conduct creating a `grave risk of death' and `manifesting extreme indifference to human life' does encompass conduct in violation of motor vehicle laws which unintentionally but proximately causes another's death.
"Therefore, under the facts of this case, vehicular homicide is a lesser included offense of murder by way of application of either subsection (1) or (4) of Code 1975, § 13A-1-9. Consequently, *1032 Jordan was entitled to [a lesser-included-offense jury instruction on vehicular homicide]."
486 So.2d at 488 (some emphasis added). Thus, Ex parte Jordan held that, because the reckless-murder count of Jordan's indictment alleged all of the essential elements of vehicular homicide, vehicular homicide was a lesser-included offense of the reckless murder charged in his indictment. The Ex parte Jordan Court considered whether the evidence establishing the allegations of the indictment, i.e., "the jury's subsequent conviction [under the indictment]," 486 So.2d at 488, justified a jury instruction on vehicular homicide only because the presence in the indictment of allegations of all of the essential elements of vehicular homicide made vehicular homicide a lesser-included offense under Jordan's indictment.
The result in Aucoin v. State, 548 So.2d 1053 (Ala.Crim.App.1989), can be justified by the Ex parte Jordan rationale, although the Aucoin court applied a different rationale. A number of other precedents do not reveal enough detail about the content of the respective indictments for us to discern whether those precedents are consistent with Ex parte Jordan and Blockburger, or consistent with Anderson and Washington and inconsistent with Blockburger: Ex parte Long, 600 So.2d 982 (Ala.1992), overruled in part on other grounds by Ex parte Edwards, 816 So.2d 98, 108 (Ala.2001); Ex parte Stephens, 512 So.2d 786, 787-89 (Ala.1987); Ex parte Oliver, 518 So.2d 705, 705-07 (Ala.1987); Crawford v. State, 886 So.2d 846 (Ala. Crim.App.2003); Culpepper v. State, 827 So.2d 883, 884-87 (Ala.Crim.App.2001); C.P. v. State, 597 So.2d 246, 247 (Ala.Crim. App.1992); Black v. State, 586 So.2d 968 (Ala.Crim.App.1991); Farmer v. State, 565 So.2d 1238, 1239-40 (Ala.Crim.App.1990); Miller v. State, 565 So.2d 275, 276 (Ala. Crim.App.1989); Johnston v. State, 518 So.2d 244, 245-46 (Ala.Crim.App.1987); and Updyke v. State, 501 So.2d 566, 567-68 (Ala.Crim.App.1986).
The holding in Cole is consistent with Ex parte Jordan and Blockburger. In Cole, "[t]he indictment by which Cole was charged [with first-degree robbery] alleged only facts describing a first-degree robbery in which he acted alone." 842 So.2d at 608. Cole pled guilty to second-degree robbery. At Cole's guilty-plea proceeding, the prosecutor stated that the evidence established that another participant was present when Cole committed the robbery. This Court held that, while Cole's "plea of guilty to the offense of second-degree robbery, in effect, `amended' his indictment to charge second-degree robbery," 842 So.2d at 606, that informal "amendment" was not valid because it failed to comply with Rules 13.5(a) and 13.2(c), Ala. R.Crim. P., which "combine to permit only those amendments that charge a lesser-included offense [encompassed within the offense charged in the original indictment]," 842 So.2d at 608. Since Cole's original indictment failed to allege "facts from which one might conclude that the defendant was aided in the robbery by another participant  an essential element of the offense of second-degree robbery," 842 So.2d at 609, Cole's indictment could not be informally amended by the prosecutor's evidence that Cole was aided by another participant and Cole's plea of guilty to second-degree robbery. "To treat the proceedings in this case as if the original indictment included [the] additional fact [that another participant was present] just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment of an indictment." Id. Finally, Cole held that, since the indictment was not validly amended to charge second-degree robbery, the trial court lacked subject-matter jurisdiction *1033 to accept Cole's guilty plea to second-degree robbery. 842 So.2d at 607-09.
In dictum, Cole suggested that the trial court, with Cole's consent, could have effected a formal amendment of the factual allegations in the original indictment to add the factual allegation that another person participated in the first-degree robbery. 842 So.2d at 609. Such a formal amendment of the factual allegations would not have changed the offense charged by the original indictment in violation of Rules 13.5(a) and 13.2(c) because the indictment still would have charged the offense of first-degree robbery. However, the addition of this allegation to specify a detail regarding the commission of the first-degree robbery would have broadened the factual basis of the first-degree robbery offense to encompass second-degree robbery as a lesser-included offense.
The State argues that the Cole Court reversed Cole's guilty-plea conviction of second-degree robbery because of an absence of evidence in the record that Cole committed the robbery with the aid of another person who was actually present rather than because of an absence of a factual allegation in the indictment alleging that fact. According to the State, since Childers admitted at his guilty-plea proceeding that he committed the robbery with the aid of two accomplices who were actually present, the presence of that admission in the record supplied the crucial factor that the Cole Court held was absent in Cole's guilty plea to second-degree robbery. The State premises its argument on this passage in Cole:
"When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant  an essential element of the offense of second-degree robbery  the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala. R.Crim. P.]. That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
842 So.2d at 609 (emphasis added). The State argues that the phrase "insufficiency of the factual basis" in the first sentence of that passage means "insufficiency of the evidence in the record." However, the references to the existing and potential factual allegations of the indictment in this passage make plain that the phrase "insufficiency of the factual basis" means "insufficiency of the factual allegations in the indictment" instead. Thus, the factor crucial to the decision in Cole was the absence of a factual allegation in the indictment alleging that Cole committed the robbery with the aid of another person who was actually present rather than the absence of evidence in the record establishing that fact. Since the absence of factual allegations in the indictment alleging an essential element of second-degree robbery disposed of the issue whether the trial court had subject-matter jurisdiction to accept Cole's guilty plea to second-degree robbery, the Cole Court did not consider the sufficiency of the evidence that Cole committed *1034 second-degree robbery in reaching its decision.
The decision of the Court of Criminal Appeals in the case now before us does not conflict with the decision in Cole. Like the original indictment in Cole, Childers's original indictment did not contain a factual allegation that Childers was aided in the commission of the robbery by another person who was actually present. Therefore, Childers's original indictment did not charge second-degree robbery either as the offense specified in the indictment or as a lesser-included offense. Cole, 842 So.2d at 608-09. Thus, the original indictment did not confer upon the trial court subject-matter jurisdiction to accept Childers's guilty plea to second-degree robbery. Id. Moreover, the informal amendment effected by Childers's guilty plea to second-degree robbery violated Rule 13.5(a), Ala. R.Crim. P., by adding a new offense not contemplated by the original indictment. Id. Accordingly, that invalid informal amendment did not confer upon the trial court subject-matter jurisdiction to accept Childers's guilty plea to second-degree robbery. Id.

Conclusion
The decision of the Court of Criminal Appeals in the case now before us does not conflict with Cole. Therefore, we quash the writ of certiorari as improvidently granted.
WRIT QUASHED.
HOUSTON, LYONS, and HARWOOD, JJ., concur.
WOODALL, J., concurs in the result.
SEE, BROWN, and STUART, JJ., dissent.
SEE, Justice (dissenting).
I respectfully dissent.
In Ex parte Cole, 842 So.2d 605 (Ala.2002), Larry Cole was indicted for first-degree robbery and first-degree assault. Cole reached a plea agreement with the prosecutor's office; that agreement provided that Cole would plead guilty to second-degree robbery. Cole, 842 So.2d at 609. Cole pleaded guilty to second-degree robbery and later appealed, arguing that the trial court did not have subject-matter jurisdiction in the case because the indictment contained no facts suggesting that Cole had been aided in the robbery by another person, as is required by the statute defining the offense of second-degree robbery, § 13A-8-42, Ala.Code 1975. 842 So.2d at 609. We held in Cole that because the indictment had not been amended to include facts that indicated that Cole had been aided by another person the trial court did not have jurisdiction to accept Cole's guilty plea to second-degree robbery. 842 So.2d at 609.[6] We noted, however:
"Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala. R.Crim. P.]."
842 So.2d 609.
In this case, the defendant, Jimmy Childers, was arrested and charged with first-degree robbery. Childers, like Cole, struck a plea bargain with the prosecutor, pursuant to which he agreed to plead guilty to second-degree robbery. However, in the present case, Childers, unlike Cole, stated in his colloquy the facts necessary *1035 to support a conviction for second-degree robbery:
"THE COURT: Let the record further show that [Childers] is charged with first-degree robbery.
"....
"[CHILDERS'S] ATTORNEY: We have an agreement with the state to reduce the charge to second-degree robbery and pay restitution.
"....
"THE COURT: Mr. Childers, to the charge of robbery in the second degree, how do you plead?
"[CHILDERS]: Guilty.
"THE COURT: Are you pleading guilty because you are truly in fact guilty?
"[CHILDERS]: Yes.
"THE COURT: Tell me what you did.
"[CHILDERS]: Me and two other people went into a convenience store and robbed it."
Thus, in this case, before the trial court accepted his plea, Childers testified that he had been aided in the commission of the robbery by two other persons. In doing so, he informally amended his indictment to include the offense of second-degree robbery.
Rule 13.5(a), Ala. R.Crim. P., provides, in pertinent part, that a "charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment." First-degree robbery and second-degree robbery are distinct statutory offenses.[7] Thus, by its terms Rule 13.5(a) would prohibit an amendment to the indictment for the express purpose of charging a new offense if the new offense was not covered by the allegations of the original indictment and was not within the contemplation of the original indictment as a lesser-included offense of the charged offense. However, Rule 13.5(a) is a rule promulgated by this Court, and we clearly have the power to amend it  either formally or by construction.[8] Our holding in Cole effectively amended Rule 13.5(a) by construction.[9] In Cole this Court stated *1036 that the trial court, with the defendant's consent, can amend the indictment by adding the facts necessary to make second-degree robbery a lesser-included offense to the offense of first-degree robbery. 842 So.2d at 609.
In the case before us, Childers pleaded guilty to second-degree robbery and testified that he had committed the robbery with the aid of two other persons. The trial judge did not formally ask Childers if he would like to amend his indictment; however, before the court accepted Childers's guilty plea Childers volunteered the facts supporting a conviction for second-degree robbery. Thus, Childers informally consented to the amendment of the indictment.
Under this Court's constructive amendment of Rule 13.5(a) in Cole, the trial court, with the consent of the accused, can informally amend an indictment charging robbery in the first degree so that the indictment includes a charge of robbery in the second degree and then accept a plea to that lesser charge. Cole provides that an indictment can be so amended when the facts of a case warrant doing so. This procedure is meant to enhance the use of plea bargaining by allowing a defendant to consent to an amendment to an indictment and thereby to avoid the delay necessitated by a prosecutor's dismissing the original indictment and then reindicting the defendant based on new facts.
Cole states that "[t]o treat the proceedings in this case as if the original indictment included the additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment." 842 So.2d at 609. The indictment in Cole was improper because Cole himself did not set forth the fact that he had been aided by another person in the commission of the robbery, an essential element of second-degree robbery. 842 So.2d at 609 ("When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participantan essential element of the offense of second-degree robberythe insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea."). Cole raised the following argument:
"The factual account of the robbery as provided by the prosecutor clearly indicated that Cole was accompanied by another person when the robbery occurred, but according to Cole, the trial judge made no determination whether the other person who was present actually aided or assisted in the robbery. Because the trial court failed to determine whether Cole was actually aided by another person during the commission of the robbery, Cole argues that the court was without jurisdiction to accept his plea of guilty to second-degree robbery."
842 So.2d at 607. Here, Childers testified that he was aided in the robbery by two other persons. The indictment as informally amended by Childers's testimony is therefore proper.
The main opinion suggests a formalistic application of Cole in which the trial judge must first entertain the amendment to the facts asserted in the indictment; only after the indictment has been amended may the accused offer his guilty plea to the lesser *1037 charge. I do not read Cole to require such a formalistic approach. Moreover, I believe that the degree of formalism suggested by the main opinion invites error; therefore, absent a compelling reason for such formalism, I am unwilling to accept it. Because I see no meaningful difference between the procedure in this case and the procedure set forth in Cole, I respectfully dissent from the main opinion.
STUART, Justice (dissenting).
I agree with Justice See that Ex parte Cole, 842 So.2d 605 (Ala.2002), does not require the trial judge to first entertain an amendment to the facts asserted in an indictment before it has jurisdiction to accept the defendant's plea of guilty to the lesser-included offense of second-degree robbery. I also agree with Justice See that Childers's testimony informally amended the indictment and that, therefore, the trial court had jurisdiction to accept Childers's guilty plea to second-degree robbery.
Moreover, I maintain that not only did Childers's testimony informally amend the indictment, but also the factual basis presented in conjunction with Childers's consent to the amendment also informally amended the indictment and satisfied the concerns this Court expressed in Cole. This Court in Cole quoted the factual basis presented by the prosecutor establishing the elements of second-degree robbery. Because neither the facts stated in the indictment nor the factual basis of the guilty-plea proceeding in Cole established that the defendant had been assisted by another in commission of the robberyan essential element of second-degree robberyI agreed with the majority's holding that the trial court did not have jurisdiction to accept the defendant's guilty plea. Indeed, "[t]o treat the proceedings in [Cole] as if the original indictment included that additional fact just because Cole pleaded guilty" when nothing in the record established the elements of second-degree robbery "would disregard the settled principle that one cannot consent to an improper amendment to an indictment." 842 So.2d at 609. Because nothing before the trial court established one of the required elements of second-degree robberyi.e., that Cole was aided in the commission of robbery by another personthe trial court did not have subject-matter jurisdiction to accept Cole's guilty plea to that offense.
Here, the facts presented in the record undisputedly support the charge of second-degree robbery. Not only did Childers state in his colloquy the facts that established second-degree robbery, but the factual basis supporting the plea established the elements of the second-degree robbery; therefore, I conclude that the trial court had subject-matter jurisdiction over this matter.
In a guilty-plea proceeding in which the State has moved to amend the charge in the indictment, the State and the defendant are engaging in plea negotiations.[10] *1038 Typically, the State, in exchange for the defendant's agreement to plead guilty, has agreed to amend the indictment to charge either a lesser-included or a related offense that is supported by the facts of the case. This procedure is proper according to Rule 14.3(a), Ala. R.Crim. P., which specifically provides:
"The prosecutor and the defendant or defendant's attorney may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecutor either will move for dismissal of other charges or will recommend (or will not oppose) the imposition or suspension of a particular sentence, or will do both."
Here, to effectuate the agreement between the State and Childers, the State orally moved to amend the indictment to charge the lesser-included offensesecond-degree robbery; Childers consented in open court to the amendment; and the State in Childers's presence presented the factual basis to support the plea of guilty to second-degree robbery. Childers did not object to the factual basis. The trial court then determined that the factual basis satisfied the elements of second-degree robbery. The trial court informed Childers of the nature of the offense of second-degree robbery and the consequences of the plea of guilty to that offense. See Rule 14.4(a)(1)(i), Ala. R.Crim. P. (requiring the trial court to inform a defendant who is pleading guilty of "[t]he nature of the charge and the material elements of the offense to which the plea is offered"). Only after the trial court was satisfied that the factual basis of the plea satisfied the elements of second-degree robbery and that Childers was voluntarily pleading guilty to second-degree robbery did the trial court accept Childers's plea of guilty to second-degree robbery and enter a judgment and impose a sentence.
This procedure satisfied the requirements of Rule 14, Ala. R.Crim. P., and the following precedent established in Clark v. State, 294 Ala. 485, 488, 318 So.2d 805, 807-08 (1974):
"In a plea of guilty proceedings the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea. See Fed. Rule Crim. Proc., Rule 11; ABA Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Secs. 1.3-1.8, at 22-36.
"In such proceedings a trier of fact does not seek to determine if the accused's actions would justify a conviction on the full charge contained in an indictment, but only if such action satisfies the degree of guilt admitted by the plea."
(Emphasis added.)
It is important to note that in this guilty-plea proceeding, Childers's constitutional rights were satisfied. Childers unequivocally had notice of and agreed to the amendment of the indictment to charge second-degree robbery. At any time during the colloquy with the trial court, Childers could have asked for a more definite statement of the charge. See Rule 13.2(e), Ala. R.Crim. P. (providing that "[a] motion for a more definite statement may be *1039 made at any time prior to entry of the defendant's plea"). Childers did not defend against the charge of second-degree robbery, but admitted that he was guilty of that charge. He also, by agreeing to amend the indictment to charge second-degree robbery and by pleading guilty to second-degree robbery, received a reduction in the range of the sentence to be imposed.[11] Thus, Childers received a benefit when he pleaded guilty to second-degree robbery. The trial court before entering its judgment ascertained that it maintained subject-matter jurisdiction by reviewing the factual basis for the guilty plea to ensure that the facts of the offense satisfied the elements of the amended charge, and it protected Childers against double jeopardy. Such a process fulfilled the requirements of due process because Childers was aware of the nature and cause of the charge against him and of the consequences of pleading guilty.
Furthermore, I believe that the main opinion has erred in relying solely on its interpretation of Rule 13.5(a), Ala. R.Crim. P., without considering Rule 13.5(c)(2), Ala. R.Crim. P., which provides:
"No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits."
Here, Childers pleaded guilty to the amended charge, and the facts recited in the factual basis established the elements of the amended charge; therefore, Childers cannot show that his substantial rights upon the merits were prejudiced. Unlike Cole, this case does not present a situation in which the defendant has consented to an amendment to the original charge as to which the factual basis does not establish each and every element.
Finally, I note that to require a defendant's explicit consent to amend the indictment to include "facts from which one might conclude that the defendant was aided in the robbery by another participant" to broaden the factual basis of an indictment charging first-degree robbery to encompass second-degree robbery as a lesser-included offense is unnecessary and elevates form over substance. Such a requirement, in light of all the constitutional safeguards that must be satisfied before the trial court can accept the defendant's guilty plea, is nonsensical.
This Court should be wary of proclaiming as jurisdictional defects in the judicial process. The guilty-plea proceeding in this case did not contain a defect affecting the framework within which justice is administered; at most it contained an error in the procedural process itself invited by the defendant and by rules promulgated by this Court. This type of error does not "deprive defendants of `basic protections' without which `a criminal trial cannot reliably serve its function as a vehicle for determination of guilty or innocence ... and no criminal punishment may be regarded as fundamentally fair.'" Neder v. United States, 527 U.S. 1, 8-9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).
*1040 Because I find that the trial court had subject-matter jurisdiction to accept Childers's plea of guilty to second-degree robbery, I must dissent.
NOTES
[1] Section 13A-8-41(a)(1) provides:

"(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
"(1) Is armed with a deadly weapon or dangerous instrument...."
[2] Section 13A-8-42 provides:

"(a) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present."
[3] At the time of Anderson's indictment, § 13A-6-61(a)(1) provided:

"(a) A male commits the crime of rape in the first degree if:
"(1) He engages in sexual intercourse with a female by forcible compulsion...."
[4] Section 13A-6-20(a)(1) provides:

"(a) A person commits the crime of assault in the first degree if:
"(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument...."
[5] At the time Washington was indicted, § 13A-6-62(a)(1) provided:

"(a) A male commits the crime of rape in the second degree if:
"(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female."
[6] I note that neither Childers nor the State has asked this Court to overrule Cole.
[7] Section 13A-8-41, Ala.Code 1975, provides:

"(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
"(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
"(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
"(c) Robbery in the first degree is a class A felony."
Section 13A-8-42, Ala.Code 1975, provides:
"(a) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present.
"(b) Robbery in the second degree is a Class B felony."
Each offense contains an element not included in the other: robbery in the first degree occurs only when the accused is armed with a deadly weapon or a dangerous instrument, while robbery in the second degree occurs only when the accused is aided by another person who is actually present. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[8] This Court is authorized to "promulgate rules ... governing practice and procedure in all courts; provided, however, that such rules [do] not abridge, enlarge or modify the substantive right of any party . . . ." § 6.11 of Amendment No. 328, Alabama Constitution of 1901. See also Schoenvogel ex rel. Schoenvogel v. Venator Group Retail, Inc., 895 So.2d 225, 231 (Ala.2004).
[9] I believe that the construction this Court gave Rule 13.5(a), Ala. R.Crim. P., in Cole has rendered Rule 13.5(a) misleading; it should be revised to expressly reflect the meaning this Court gave it in Cole.
[10] The United States Supreme Court in Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), stated:

"Whatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceedings.
"These advantages can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality. To allow indiscriminate hearings in ... post-conviction proceedings ... would eliminate the chief virtues of the plea systemspeed, economy, and finality."
(Footnote omitted.)
[11] First-degree robbery is a Class A felony with a sentencing range from 20 years' imprisonment to life imprisonment when, as here, a deadly weapon is used or attempted to be used in the commission of the robbery. See §§ 13A-8-41 and 13A-5-6(a)(1) and (4), Ala.Code 1975. Second-degree robbery is a Class B felony with a sentencing range from 10 years' to 20 years' imprisonment when a deadly weapon is used or attempted to be used in the commission of the robbery. See §§ 13A-8-42 and 13A-5-6(a)(2) and (5), Ala. Code 1975.